UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CR00175 AGF (DDN) |
| ) | |
| MARK PALMER, et al., ) | |
| ) | |
| Defendants. ) | |

### GOVERNMENT'S MOTION FOR COMPLEX CASE FINDING AND TO CONTINUE THE TRIAL DATE BEYOND LIMITS SET BY THE SPEEDY TRIAL ACT

COMES NOW the United States of America by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and James C. Delworth, Jennifer Winfield, and Erin O. Granger, Assistant United States Attorneys for said District, and requests the Court, pursuant to Title 18, United States Code, Sections 3161(h)(8)(A) and (B)(I) and (ii), to make findings that: (a) the case is so unusual or so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; (b) that the failure to grant adequate time in the preparation, filing and hearing of pretrial motions would result in a miscarriage of justice; and (c) that the ends of justice served by excluding the period between the arraignment and the final rulings on all pretrial motions outweigh the best interest of the public and the defendants in a speedy trial.

The Government, in support of its motion, states as follows:

1. This case involves a complex, long-term drug conspiracy to distribute and possess with intent to distribute synthetic drugs consisting of controlled substances and controlled substance analogues. This case has some connection to three other indictments: <u>United States v. Rao, et al.</u>, No. 4:14CR00150 JAR; <u>United States v. Sloan, et al.</u>, No. 4:14CR00152 RWS; and <u>United States v. Tabatt, et al.</u>, No. 4:14CR00187 JAR. The alleged connections include the Rao conspiracy supplying synthetic drugs to the Sloan conspiracy which in turn supplied synthetic drugs to the Tabatt conspiracy. In July, 2012 search warrants were executed at locations connected with all three of these conspiracy groups. It is alleged that following the execution of these search warrants that Charles Wolfe, broke away from the Sloan conspiracy and formed his own synthetic drug operation which continued to supply the Tabatt conspiracy. Charles Wolfe is a defendant in both the Sloan and Wolfe indictments. Additionally, shortly after the execution of the July, 2012 search warrants, law enforcement agents observed members from the Rao, Sloan and Tabatt conspiracies meet. Evidence in this case will include e-mails sent between certain members of the Rao and Sloan conspiracies, as well as the Sloan and Wolfe conspiracies.

2. In light of the connections between the various conspiracy groups, discovery regarding all four cases will be disclosed to each defendant. The discovery in this case will be voluminous involving more than a gigabyte of information. The discovery will consist of a large amount of business records including invoices, bank records and investigative reports. The physical evidence in these cases consists of several trucks full of evidence which, due to storage constraints, has had to be stored at a number of locations including Chicago, Illinois and Cleveland, Ohio.

3.	The 12(b)(4) Federal Rules of Criminal Procedure disclosure notice to be filed by the Government in this case will contain an extensive listing of potential suppressible matters. In each of the four cases, there was a minimum of 15 search warrants executed. In the event pretrial motions are pursued, each of these matters will require an evidentiary hearing. Likewise, specific findings of fact and conclusions of law must be written as to each of the separate events.

4.	The Government has been working on the investigation for over two years and would be prepared to try this case within the time limits set forth under the Speedy Trial Act. However, the Government recognizes that in light of the number of defendants, the nature of the conspiracy charges, the large amount of discovery material, and the evidentiary hearings necessary, it is unreasonable to expect the defense to have adequate preparation for pretrial proceedings or for the trial itself within the limits established by the Speedy Trial Act.

5.	Additional time would likely assist defendants and defense counsel in fully reviewing discovery, determine what if any pre-trial motions need to be filed and preparing for trial and/or completing plea negotiations with the Government.

6.	Pursuant to Title 18, United States Code, Sections 3161(h)(8)(A) and (B)(I) and (ii) and for all the foregoing reasons, the United States requests this Court to make specific findings that the trial of this matter should be continued past the limits set by the Speedy Trial Act and should exclude any period of time between the arraignment and the final rulings on all pretrial motions from the limits set by the Speedy Trial Act because: (a) the case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings; (b) the failure to exclude this period would likely result in a miscarriage of justice; and (c) the ends of justice served by continuing this case outweigh the best interest of the public and the defendants in a speedy trial.

WHEREFORE, the Government requests that the Court make such findings to allow adequate time for the proper disposition of the case beyond the limits set by the Speedy Trial Act.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

 s/ James C. Delworth
JAMES C. DELWORTH, #29702MO
JENNIFER A. WINFIELD, #53350MO
ERIN O. GRANGER, #53593MO
Assistant United States Attorneys
111 South 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

All Attorneys of Record.

 s/ James C. Delworth
JAMES C. DELWORTH, #29702MO
JENNIFER A. WINFIELD, #53350MO
ERIN O. GRANGER, #53593MO
Assistant United States Attorneys