

# U.S. Department of Justice

United States Attorney
Eastern District of Missouri

*Organized Crime Drug Enforcement Task Force*

| | | |
|---|---|---|
| *JAMES C. DELWORTH*<br>*Assistant United States Attorney* | *Thomas Eagleton U.S. Courthouse*<br>*111 S. 10th Street, Rm. 20.333*<br>*St. Louis, MO  63102* | OFFICE:  314-539-2200<br>DIRECT:  314-539-6242<br>FAX:  314-539-2312<br>*james.delworth@usdoj.gov* |

June 25, 2014


Scott Rosenblum
Adam Fein
Joel Schwartz
Attorneys at Law
(Attorneys for defendant M. Palmer)

Patrick Kilgore
Attorney at Law
(Attorney for defendant A. Palmer)

_____
Attorney at Law
(Attorney for defendant Leinicke)

William Lucco
Attorney at Law
(Attorney for defendant C. Wolfe)

Zachary Borowiak
Attorney at Law
(Attorney for defendant R. Wolfe)

James Crowe, III
Attorney at Law
(Attorney for defendant Gabrick)


       Re:    United States v. Palmer, et al.
                  No. 4:14CR00175 AGF (DDN)

Dear Counsel:

       This letter sets forth the Government's position with respect to the following subjects: (A) Discovery, (B) Meetings to Discuss Evidence, (C) Possible Suppressible Events, and (D) Reciprocal Discovery.

**(A)    Discovery**

       The discovery in this case is extensive.  In light of the connection between this case and three other cases:  United States v. Rao, et al., No. 4:14CR00150 RWS; United States v. Sloan, et al., No. 4:14CR00152 RWS; United States v. Tabatt, et al., No. 4:14CR00187 JAR, the discovery for all four cases will be provided to you.  Initially, you will receive a DVD with

various investigative reports and attachments to review which include over 6,000 pages of documents ("BATCH 1").  As the discovery is processed, you will then receive the discovery on DVDs, or possibly Blue Ray disks, over the next six weeks.

Please note, enclosed with the discovery DVD you will find an "Acknowledgement of Receipt of Discovery."  This should be signed by you or your representative and returned to the United States Attorney's Office, Attn: Nikki Kreke, Legal Assistant, 111 S. 10th Street, 20th Floor, St. Louis, Missouri 63102.

Further, there is a substantial amount of physical evidence seized as part of the overall investigation.  These items have been stored in various locations including St. Louis, Missouri; Chicago, Illinois; and Cleveland, Ohio.  The evidence may be reviewed upon request with time allowed to make the appropriate arrangements.

There have been recent seizures made in these cases and there are pending drug testing reports and investigative reports that will be disclosed as they become available.

With respect to additional discovery:

A)	Rule 801 expert summaries: The experts that will testify at trial will be: a) chemists regarding analysis of the substance obtained in this case; b) chemists regarding the structural nature of the controlled substance analogues; c) pharmacologists regarding the physiological effects of the controlled substance analogues; and d) law enforcement agent regarding methods of operation of drug traffickers.

B)	Jenck's Act:   Some Jenck's Act material is contained in the investigative reports. Any remaining Jenck's Act material will be disclosed no later than the Friday before trial.

C)	Impeaching information:   All impeaching information will be furnished at a reasonable time prior to trial.

D)	Favorable Evidence:  The Government recognizes its continuing duty to disclose any favorable evidence that comes to its attention.

**(B)	Meetings**

In light of the voluminous material to be disclosed as part of discovery, the Government will be willing to meet with **defense counsel and their client** to provide an overview of the case and correlating discovery.  The meeting is not intended to encompass all of the events or to substitute for counsel's review of the evidence but serve merely as an aid in understanding the case.  Meeting times will be available every half hour next week **Tuesday, July 1, and Wednesday, July 2, 2014**.  Please call Nikki Kreke at 314-539-6888 to reserve a meeting time. We request that each defendant and their counsel be present in order to directly hear the presentation and have the opportunity to ask questions through counsel.

June 25 2014
Page 3

**(C)     Possible Suppressible Events**

The Government will file a separate document listing all of the events subject to a motion to suppress.  This listing will reference the event and the government's position with respect to whom if anyone has standing to contest the event.

**(D)     Reciprocal Discovery**

In order to avoid the filing of motions pursuant to Rules 12, 16 and 26 of the Federal Rules of Criminal Procedure, the Government requests the following reciprocal discovery:

1.     Copies of or the right to inspect any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in its case-in-chief at trial;

2.     Copies of any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence at trial or which were prepared by witnesses whom the defendant intends to call at trial when the results or reports relate to their testimony;

3.     A written summary of testimony the defendant intends to use under Rules 702, 703 and 705 as evidence at trial, including the opinions of such witnesses, the bases therefor, and witness qualifications; and

4.     All statements of any defense witness that relate to the subject matter to which the witness will testify.

5.     Notice of intention to offer a defense of alibi including the specific place or places at which the defendant claims to have been at the time of the offenses alleged in the indictment and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.

I would appreciate a written response prior to any suppression hearing to determine whether I will have to file formal requests for a Court order to enforce such discovery compliance.

Very truly yours,

RICHARD G. CALLAHAN
United States Attorney

 s/ James C. Delworth            _
JAMES C. DELWORTH
Assistant United States Attorney

JCD/nlk