UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:14CR00150 JAR/TCM |
| v. | ) | No. 4:14CR00152 RWS/NCC |
| | ) | No. 4:14CR00175 AGF/DDN |
| ANWAR RAO, et al., | ) | No. 4:14CR00187 JAR/DDN |
| GREG SLOAN, et al., | ) | |
| MARK PALMER, et al., and | ) | |
| PAMELA TABATT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MOTION FOR ENTRY OF A
PROTECTIVE ORDER GOVERNING DISCOVERY**

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the eastern District of Missouri, and James C. Delworth, Jennifer A. Winfield, and Erin O. Granger, Assistant United States Attorneys for said District, and, pursuant to Federal Rule of Criminal Procedure 16(d), movers for the entry of a protective order, and in support thereof states as follows:

1.  The indictments in the above referenced cases charge four distinct groups involved with manufacturing and distribution of synthetic cannabinoids and synthetic cathinones (hereinafter "synthetic drugs"). The indictments were obtained against each group as follows: a) United States v. Anwer Rao, et al., No. 4:14CR00150 JAR, charging 7 defendants; b) United States v. Greg Sloan, et al., No. 4:14CR00152 RWS, charging 13 defendants; c) United States v. Mark Palmer, et al., No. 4:14CR00175 AGF, charging 6 defendants; and d) United States v. Pamela Tabatt, et al., No. 4:14CR00187 JAR, charging 3 defendants.

1

2. More specifically, the defendants are charged with:

   a. Possession with the Intent to Distribute Schedule I Controlled Substances and Schedule I Controlled Substance Analogues Intended for Human Consumption, in violation of Title 21, United States Code, Sections 841, 846 and 813;

   b. Receipt/Introduction of Misbranded Drugs into Interstate Commerce, in violation of Title 21, United States Code, Sections 331 and 333;

   c. Conspiracy to Launder Money, in violation of Title 18, United States Code, Sections 1956 and 1957;

   d. Conspiracy to Import Controlled Substances and Controlled Substance Analogues, in violation of Title 21, United States Code, Sections 952, 960 and 963; and

   e. Conspiracy to Receive, Sell and Facilitate Transportation of Smuggled Goods, in violation of Title 18, United States Code, Sections 371 and 545, as well as a Forfeiture Allegation.

3. As previously detailed in other filings, the cases, while involving separate groups, overlap such that discovery for all four cases has been and will continue to be provided to all defendants.

4. The discovery provided to, and provided by, the government in these cases includes sensitive information. The sensitive information includes but is not limited to bank records containing account numbers, e-mails, photographs and financial records. The material is too voluminous to redact this information. The unrestricted dissemination of this sensitive information could adversely affect the privacy interests of the defendants, co-defendants and/or third parties.

5. The Government has produced and will continue to produce the sensitive information to date only to the defendant in possession of the information at the time of seizure. The Government has requested each defendant who has received such information and had an

opportunity to review the information to consent to its disclosure subject to this requested protective order.

6.      Federal Rule of Criminal Procedure 16 grans the Court power to regulate discovery through the entry of a protective order, allowing the Court "[a]t any time," and upon a showing of "good cause," to "deny, restrict, or defer discovery or inspection[.]"   Fed. R. Crim. P. 16(d).

7.      As an initial matter, the entry of the proposed protective order is consistent with Rule 16(d) because the discovery materials in this case implicate the privacy of co-defendants and third parties, and a district court may limit discovery for good cause under Rule 16(d).   *See* United States v. Lee, 374 F.3d 637, 652 (8th Cir. 2004).   *See also*, United States v. Bulger, 283 F.R.D. 46, 52 (D. Mass 2012).   Moreover, disclosure of discovery materials beyond that permitted by the proposed protective order might compromise ongoing criminal investigations by revealing the details of uncharged criminal activity.   *See* United States v. Dorfman, 690 F.2d 1230, 1233-34 (7th Cir. 1982); In the Matter of the New York Co. b. Biaggi, 828 F.2d 110, 115-16 (2d Cir. 1987).

8.      Additionally, the discovery material in this case includes identifying information for individuals cooperating with law enforcement, the statements made by these cooperating individuals, as well as other information that could be used to identify the cooperating individuals and their families.   The terms of the proposed protective order will allow law enforcement officials to investigate and protect, if necessary, the safety and wellbeing of individuals who are cooperating with the government's investigation and who may be witnesses at trial.

9. Not only will the terms of the proposed protective order work to ensure witness safety and defendant privacy, the terms will also allow the government to engage in more fulsome discovery to the defendants at an earlier state of the case (an obvious benefit to the defendants and their attorneys). Ensuring that the discovery materials tendered by the government are not subject to unrestricted dissemination will allow the government to produce to the defendants materials to the defendants that they are not entitled to under Rule 16 at this stage of the case.

10. As an additional matter, entry of the protective order will protect the privacy rights of uncharged individuals and allow the government to continue its investigation. The discovery materials may contain information that identifies these uncharged individuals as well as the nature of their criminal activities. Protecting these matters from disclosure will ensure the privacy of these uncharged third parties, while also preserving the integrity of the government's ongoing criminal investigation.

11. In order to comply with Title 18, United States Code, Section 3509(d), and to allow the defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the United States requests that a Protective Order be entered limiting disclosure of all discovery pursuant to the following restrictions:

    a. The disclosed materials (discovery) will not be disseminated or disclosure to anyone who is not a part of the defense team as more fully described below.

    b. The disclosed materials (discovery) and information contained therein will not be used for any purpose other than in the defense of these criminal cases.

    c. Upon completion of the case, the materials and information will either be destroyed or sealed to prevent any future disclosure.

12. The United States further requests that the Protective Order limit who may obtain, review and/or examine the materials so described under the conditions set forth, for the sole purpose of preparing the defense and for no other purpose to the following individuals (the defense team):

    a. Counsel for defendants;

    b. Defendants;

    c. Secretarial, clerical, paralegal, investigator, students or other personnel employed full-time or part-time by Defendants' counsel, provided such counsel deems the disclosure reasonably necessary for the preparation of the defense and/or conduct of this litigation;

    d. Experts or consultants who have been retained by Defendants for the purpose of assisting to conduct these actions or who are being considered as personnel who may provide services to assist in the defense of this litigation;

    e. Electronic discovery vendors engaged to host Confidential Discovery Materials for any party hereto;

    f. Fact witnesses at trial or in preparation for their testimony, provided that Defendants' counsel deems the disclosure reasonably necessary to conduct this litigation and that no disclosure is made to persons outside the authorization of this Order; and

    g. Other persons, upon order of this Court or upon stipulation by the United States and any affected Defendant whose specific consent to disclosure was obtained by the Government before it furnished discovery pertaining to that Defendant to any other Defendant .

13. The United States further requests that the Protective Order provide that any disputes concerning the Protective Order be resolved by this Court only after counsel for the United States and defendant have first conferred and attempted to resolve the dispute.

WHEREFORE, the government respectfully moves this Court to enter a Protective Order limiting the disclosure and usage of the discovery in these cases.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney


 s/ James C. Delworth
JAMES C. DELWORTH, #29702MO
JENNIFER A. WINFIELD, #53350MO
ERIN O. GRANGER, #53593MO
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Counsel of Record.

    s/ James C. Delworth
JAMES C. DELWORTH, #29702MO
JENNIFER A. WINFIELD, #53350MO
ERIN O. GRANGER, #53593MO
Assistant United States Attorneys