UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:14CR150 JAR/TCM |
| v. ) | No. 4:14CR152 RWS/NCC |
| ) | No. 4:14CR175 AGF/DDN |
| ANWAR RAO, et al., ) | No. 4:14CR187 JAR/DDN |
| GREG SLOAN, et al., ) | |
| MARK PALMER, et al., and ) | |
| PAMELA TABATT, et al., ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

Pursuant to the provisions of Federal Rule of Criminal Procedure 16(d) and Federal Rule of Evidence 502(d), upon motion of Plaintiff, the United States, and with the consent of the Defendants, the Court enters this Protective Order for the purpose of assuring the confidentiality of Confidential Discovery Materials (hereinafter defined) disclosed by the Plaintiff to the Defendants and their counsel in these cases during the course of discovery of these matters.

IT IS ORDERED, ADJUDGED AND DECREED that the following procedures will govern the production and/or use of Confidential Discovery Materials that are disclosed in these actions and designated for treatment under this Protective Order:

1.  This Protective Order governs the treatment and handling of all information, material and documents produced by the United States to the Defendants or their counsel during the discovery proceedings in accordance with the Federal Rules Criminal Procedure or any order of the Court in this matter ("Confidential Discovery Materials"). Confidential Discovery Materials include, but may not be limited to discovery materials that may implicate privacy

interests of a certain defendant, but the disclosure of which is authorized by that defendant to be made by the Government to other defendants, provided such other defendants and/or their counsel have executed a copy of an Acknowledgement of this Order.

  2. Confidential Discovery Materials whose disclosure by the Government is made subject to this Order, shall be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  When the production of Confidential Discovery Materials is made in electronic format, such confidentiality legend may be placed on the media or container in which the Confidential Discovery Materials are furnished to counsel if it is impracticable or burdensome for the producing party to label each confidential document individually.  In view of the fact that the Parties have long contemplated the entry of a protective order in these actions, materials that have been disclosed before the date this Order is entered may be designated by any party as ones that shall be treated as subject to this Order.  Such designation may be made by written communication to all other parties in which the materials to be subject to this Order are identified with sufficient particularity to apprise all Parties which previously-disclosed materials are subject to this Order.  Further, the disclosure of any Confidential Discovery Materials which by inadvertence by any party are not designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not take those materials from without of the protections of this Order, and such production shall not be deemed to be a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such information, whether as to the Confidential Discovery Materials that were produced or any other information.

3. Confidential Discovery Materials may be used by Defendants and their counsel only for purposes related to these actions and for no other purpose, under the restrictions set out in this Order, and under no circumstances, other than those specifically provided for in this or a subsequent Order of this Court, shall Defendants or their counsel disclose Confidential Discovery Materials to persons or entities other than the following (subsections (c) through (h) comprising the "Defense Team"):

(a) The Court and Court Personnel;

(b) Government Counsel;

(c) Counsel for defendants;

(d) Defendants;

(e) Secretarial, clerical, paralegal, investigator, students or other personnel employed full-time or part-time by Defendants' counsel, provided such counsel deems the disclosure reasonably necessary for the preparation of the defense and/or conduct of this litigation;

(f) Experts or consultants who have been retained by Defendants for the purpose of assisting to conduct these actions or who are being considered as personnel who may provide services to assist in the defense of this litigation;

(g) Electronic discovery vendors engaged to host Confidential Discovery Materials for any party hereto;

(h) Fact witnesses at trial or in preparation for their testimony, provided that Defendants' counsel deems the disclosure reasonably necessary to conduct this litigation and that no disclosure is made to persons outside the authorization of this Order; and

(i) Other persons, upon order of this Court or upon stipulation by the United States and any affected Defendant whose specific consent to disclosure was obtained by the Government before it furnished discovery pertaining to that Defendant to any other Defendant.

4. Before any Confidential Discovery Materials are disclosed by the Government to Defendants other than a Defendant whose privacy interests are implicated by such materials, the Government must first provide a copy of such materials to the affected defendant and obtain the consent of the affected Defendant to the disclosure of such Confidential Discovery Materials to other Defendants. Once such consent has been provided to the Government by the affected Defendant, the Government may, subject to this Order, disclose such Confidential Discovery Materials to counsel of record for other Defendants, but such disclosure shall be limited to counsel for other Defendants who have signed and served the "Acknowledgment of Protective Order and Consent for Disclosure," attached to this Protective Order as Exhibit "A," upon counsel of the United States. Unless otherwise specified by counsel for the Government, service of the signed "Acknowledgement of Protective Order and Consent for Disclosure" may be completed by e-mail. The Government shall obtain new consent from a Defendant (which consent may be provided via an email message sent by that Defendant's counsel without need of that counsel re-completing the Acknowledgement in Exhibit A) in each instance where additional Confidential Discovery Materials become available for production; such consent shall be obtained by the Government before such production is made to any Defendant other than the affected Defendant.

5. Counsel for all parties shall inform all persons or entities as designated in paragraph 3(b)-(f), to whom disclosure is made of Confidential Discovery Materials under this

Protective Order and obtain an acknowledgment from them that they understand and will comply fully with the Protective Order.

6. In the event that counsel for any Party determines to file with or submit to this Court any Confidential Discovery Materials subject to this Protective Order, whether by way of pleadings, motions, briefs, or other papers or submissions, such counsel must make a motion in accordance with U.S. District Court-EDMO Local Rules 83-13.05 for permission from the Court to file or submit such material under seal. If an exhibit that contains any Confidential Discovery Materials subject to this Protective Order is offered to the Court during any in-court, pretrial proceeding, such exhibit shall be withdrawn at the conclusion of the hearing and retained by the party offering the same, with a copy of such exhibit being made available to any counsel who requests the same and who has signed an Acknowledgement of this Order.

7. If any Party objects to the designation of Confidential Discovery Materials subject to this Protective Order, the objecting Party may notify the designating Party in writing at any time, but no later than twenty-one (21) days before the date of trial. Within ten (10) days after service of any such notice, and after consultation and a good-faith effort to resolve the disagreement with the other Parties, either the designating or the objecting Party may apply to the Court for a ruling that the Confidential Material objected to shall (as applicable) be treated or not treated as subject to this Protective Order, and notice of such application shall be provided to the Party. Until this Court enters an order determining the status of the material being objected to, such material shall be treated as Confidential Discovery Materials under in this Order, unless the Parties otherwise agree by written stipulation.

8. (a) By agreeing to the entry of this Order, no party waives any privilege or protection, including but not limited to the attorney-client privilege and the work-product

protection, over the information, material and documents disclosed in connection with these actions. Fed. R. Evid. 502(d),(e), & (g). The Court specifically and hereby Orders that the production of any Confidential Discovery Materials subject to this Protective Order that includes matters that are subject to any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such information, whether as to the Confidential Discovery Materials that were produced or any other information shall be deemed to have been inadvertent. The production of such privileged information under this Order shall not be construed as a waiver or impairment of any claim of privilege or protection, including, but not limited to the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such information, whether as to the Confidential Discovery Materials that were produced or any other information.

(b) The production of privileged or work-product protected information in discovery in these actions, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection available under Federal Rule of Evidence 502(d). The Parties shall follow Federal Rule Criminal Procedure 16 in dealing with any privileged materials produced in discovery.

9. Within three (3) months of the conclusion of this litigation (which shall be the latest of: (1) the date on which the time for filing an appeal from entry of judgment with no party taking an appeal, or in the event an appeal is taken, from the date of exhaustion of any and all appeals; (2) the date of disposition of all motions for post-conviction relief, including any statutory *habeas corpus* motion made pursuant to Title 28, United States Code, Section 2255; or

(3) the full duration of the statute of limitations for any action for professional negligence/malpractice that may be available to any Defendant herein), Defendants shall either return or destroy all Confidential Discovery Materials subject to this Protective Order and all copies thereof. If Defendants elect to destroy the copies, they shall submit a certification to the United States attesting that all copies were destroyed, within fourteen (14) days of the destruction of the copies. Copies of Confidential Discovery Materials that contain markings constituting attorney work-product need not be returned or destroyed but remain subject to the provisions of this Protective Order.  All Confidential Discovery Materials shall be kept in the possession of the Party to whom they were produced, except in the limited circumstances described above.

10. Confidential Discovery Materials subject to this Protective Order that are inadvertently disclosed without such designation may be retrieved by the United States at any time.  Upon notice that the United States seeks retrieval of Confidential Discovery Materials, they must be treated as if subject to this Protective Order and may be used only for the purposes and in the manner permitted by this Order.

11. This Order shall not: (a) prejudice in any way the right of any Party to object to the production of documents it considers not subject to discovery; or (b) prejudice in any way the right of any Party to seek a Court determination: (i) whether discovery material should be produced, or (ii) if produced, whether such material should be subject to the terms of this Order; or (c) prejudice in any way the right of any Party to apply to the Court for a further protective order relating to any confidential material or information.  Nor shall this Order be construed as one that limits any Party's right to conduct a review of or to secure the production of information, materials or documents.

12. This Order may be modified if the Parties to this Order agree to such modification or if such modification is ordered by the Court.

13. Any Party may at any time move, on notice to all parties, for modification of, or other relief from, this Order.

**SO ORDERED**:

Dated this 14th day of April, 2015.

_____
David D. Noce
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>          Plaintiff,                              )<br>                                                              )          No. 4:14CR150 JAR/TCM<br>v.                                                         )          No. 4:14CR152 RWS/NCC<br>                                                              )          No. 4:14CR175 AGF/DDN<br>ANWAR RAO, et al.,                       )          No. 4:14CR187 JAR/DDN<br>GREG SLOAN, et al.,                     )<br>MARK PALMER, et al., and         )<br>PAMELA TABATT, et al.,             )<br>                                                              )<br>          Defendants.                        )| |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER AND CONSENT TO DISCLOSURE**

I, _____, hereby acknowledge that I have read the Protective Order governing disclosure of Confidential Discovery Materials entered by this Court on _____, 2015, that I am familiar with the specific terms of the Protective Order, and I agree to be bound by its terms and to handle all Confidential Discovery Material disclosed to me in the manner that is required by the Protective Order. I further understand that I am subject to the contempt powers of this Court for any violation of the Protective Order that I commit.

I further consent on behalf of my client _____, (who has been fully informed of this Protective Order and knowingly and voluntarily authorizes me to consent on his/her behalf) to the disclosure by the Government to all Defendants who either individually or through counsel submit a fully-executed Acknowledgement of the Protective Order, of materials which implicate the privacy interests of my client but which I have specifically authorized the Government to disclose to other Defendants subject to those Confidential Discovery Materials being subject to the Protective Order.

**EXHIBIT "A"**
**TO PROTECTIVE ORDER**

This consent is provided only as to those Confidential Discovery Materials that have been disclosed to me to date, that my client has specifically authorized the Government to disclose to other Defendants, and which I have specifically identified to the Government as ones that may be disclosed to other Defendants subject to those Confidential Discovery Materials being subject to the Protective Order. Any future consent my client may provide to the Government authorizing it to disclose to other Defendants additional, later-disclosed Confidential Discovery Materials will be provided with the understanding that such materials will likewise be subject to the Protective Order.

Date:  _____

_____
Print Name

_____
Signature

Counsel for Defendant:_____

**EXHIBIT "A"**
**TO PROTECTIVE ORDER**