UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANWER RAO, et al., | ) | Case No.  4:14CR0150 JAR/TCM |
| GREG SLOAN, et al., | ) | Case No.  4:14CR0152 RWS/NCC |
| MARK PALMER, et al., | ) | Case No.  4:14CR0175 AGF/DDN |
| PAMELA TABATT, et al., | ) | Case No.  4:14CR0187 JAR/DDN |
| | ) | |
| **Defendants.** | ) | |

### ORDER ON FILING OF MOTIONS

Having been advised on October 1, 2015, by counsel for the Government and counsel for Defendants that all discovery has been provided to Defendants and having determined the schedule for filing any motions to dismiss the indictments, the Court sets, with the concurrence of the parties, the schedule for the filing of all remaining pretrial motions.

When setting the schedule, the Court considered Defendants' oral motions for additional time within which to file pretrial motions. For the reasons forth in those motions, the Court finds that to deny Defendants' requests for such additional time would deny their counsel the reasonable time necessary for an effective investigation and preparation of pretrial motions, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and that the ends of justice served by granting Defendants' requests for additional time outweigh the best interest of the public and Defendants in a speedy trial, see 18 U.S.C. § 3161(h)(7)(A).  Therefore, the time granted to Defendants to investigate and

prepare pretrial motions, or a waiver thereof, is excluded from computation of their rights to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

Accordingly,

**IT IS HEREBY ORDERED** that no later than **October 15, 2015**, the Government shall file with the Court and serve upon counsel for Defendants a supplemental Rule 12(b) notice including a memorandum listing, in chronological order, any of the following occurrences involving evidence which the Government intends to offer in evidence at the trial of this case, including any evidence to be offered pursuant to Rule 404(b), Federal Rules of Evidence:

1. Any search of and/or seizure of items of tangible evidence from the person or property of any Defendant; and

2. Any contact with and/or interview, questioning, or interrogation of any Defendant by law enforcement officials.  Each occurrence described by the Government in its memorandum shall be separately listed and shall state (1) the date of the occurrence; (2) a description of the occurrence (e.g. search of residence or vehicle described, interview of Defendant X, car stop, airport stop, etc.); and (3) a designation, by name, of any Defendant who may possibly have standing to raise issues relating to such occurrence.[1]

As to any evidence obtained by means of electronic surveillance, including videotapes, wiretaps, pen registers, and "cloned" pagers, the Government shall state the date on which any order authorizing such activity was entered; the date on which the activity

---

[1] This designation by the Government of possible standing as to a particular Defendant and occurrence will not be construed by the Court as a concession by the Government that the Defendant does, as a matter of fact or law, have standing to raise any issues related to a particular occurrence. This designation is intended merely as a convenience to assist the Court and Defendant in preparing, filing, and scheduling hearings on motions.

terminated; the identity of any telephone number and/or location to which any such order was directed; and, finally, a designation, by name, of any Defendant who may possibly have standing to raise issues relating to such surveillance.[2]

**IF IS FURTHER ORDERED** that no later than **October 30, 2015**, Defendants shall file with the Court memorandum indicating whether they accept or disavow the designation of standing asserted by the Government as to any matter.  **If a Defendant fails to file such a memorandum, the Court shall construe such failure fo file as that Defendant's acceptance of the Government's designation of standing.**

**IT IS FURTHER ORDERED** that no later than **October 30, 2015**, if a Defendant believes that he/she has standing to raise issues as to any occurrence listed by the Government in its memorandum but has not been so designated by the Government, he/she may file with the Court a memorandum (I) asserting that he/she has standing to raise issues relating to a particular occurrence, and (ii) setting forth a description of the factual and legal basis for such assertion.

**IT IS FURTHER ORDERED** that all pretrial motions including any motions to suppress tangible evidence, any motions to suppress statements, and any motions to suppress evidence obtained through electronic surveillance shall be filed no later than **December 15, 2015.**  Any waiver of filing pretrial motions shall be filed no later than **December 15, 2015.**  The response by the Government to any and all motions shall be filed no later than **January 15, 2016.**

---

[2]See note 1, supra.

**IT IS FINALLY ORDERED** that an evidentiary hearing shall be set in the respective cases at a future date.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of October, 2015.