UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-CR-00175 AGF (DDN) |
| | ) |
| MARK PALMER *et. al*, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANTS' JOINT MOTION TO DISMISS INDICTMENT AS UNCONSITUTIONALLY VOID FOR VAGUENESS**

COME NOW Defendants, by and through their respective undersigned counsel, and hereby move for the Court to dismiss the Indictment in this matter because it is unconstitutionally void for vagueness. In support of their motion, Defendants state as follows:

**Standard of Review**

The Eighth Circuit has set the following standard of review regarding a motion to dismiss based upon the sufficiency of an indictment:

> An indictment adequately states an offense if "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defense, and alleges sufficient information to allow defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.

*United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008)(quoting *United States v. Hernandez*, 299 F.3d 984, 992 (8th Cir. 2002)). An indictment is normally sufficient if its language tracks the statutory language. *Hamling v. United States*, 418 U.S. 87, 117 (1974).

## Legal Analysis

The Analogue Act states that "[a] controlled substance analogue shall, to the extent intended for human consumption, be treated for the purpose of any Federal law as a controlled substance in schedule I." 21 U.S.C. § 813. The Analogue Act defines the term controlled substance analogue as follows:

> Except as provided in subparagraph (C), the term "controlled substance analogue" means a substance –
>
> (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;
>
> (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or
>
> (iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

21 U.S.C. § 802(32)(A).

Vague statutes are void under the Fifth Amendment's guarantee that every citizen is entitled to due process. *United States v. Washam*, 312 F.3d 926, 929 (8th Cir. 2002). The law must provide a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). The Analogue Act statute, 21 U.S.C. § 813, is unconstitutionally vague because it does not meet this requirement. "Vagueness

challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975).

"In determining whether a statute is unconstitutionally vague on the facts at hand," the Court applies a two-part test: 1) "the statute must provide adequate notice of the proscribed conduct"; and 2) "the statute must not lend itself to arbitrary enforcement." *Washam*, 312 F.3d at 929. When considering whether the Analogue Act is impermissibly vague, the Court must look to the legal definition of a statutory term, not the scientific definition. *See United States v. Brown*, 279 F. Supp. 2d 1238, 1240 (S.D. Ala. 2003)("Since the Analogue Act does not indicate that the term 'substantially similar' is to be defined as it is used scientifically, the court will interpret those words as they are used in everyday language."). The Court must look to the words and determine if someone of common intelligence would be able to understand what conduct has been prohibited.

"It is apparent to the court that the phrase 'substantially similar,' as contained in the Analogue Act, does not hinge on how a scientist would interpret the term, but how ordinary people use the language." *Brown*, 279 F.Supp.2d at 1241, relying on *United States v. McKinney*, 79 F.3d 105 (8th Cir. 1996).

In the recent case of *United States v. Johnson*, the United States Supreme Court held the reserve clause of the Armed Career Criminal Act to be unconstitutionally vague. In writing for the majority, Justice Scalia stated, "[i]n all events, although statements in some of our opinions could be read to suggest otherwise, our *holdings* squarely contradict the theory that a vague provision is constitutional merely because there is some conduct

that clearly falls within the provision's grasp." United States v. Johnson,--- S. Ct. ---, 2015 WL 2473450 (June 26, 2015) (slip op., at 11).

It is difficult to reconcile the concepts of *McKinney* and *Washam* with the holding in *Johnson*. In *Washam*, the Eighth Circuit held that some level of difference is acceptable between an analogue's chemical structure and a proscribed chemical's structure. *Washam*, 312 F.3d 926. In *McKinney*, the Eighth Circuit admits the analogue statute is "somewhat elastic," but holds the statute is not unconstitutionally vague because, "[w]hile doubts as to the applicability of the language in marginal fact situations may be conceived, we think that the statute gave [defendant] adequate warning that [his conduct] was a criminal offense." *McKinney*, 79 F.3d at 108.

Some drug analogues are extremely close to scheduled controlled substances in their chemical structure and known effects, and those analogues may be understood to fall within the ambit of the provisions of the analogue statute. However, just as in *Johnson*, examination must be made not only of at the chemicals that are clearly analogues, but also the chemicals that may or may not be substantially similar to controlled substances. "If the existence of some clearly unreasonable rates would not save the law in *L. Cohen Grocery*, why should the existence of some clearly risky crimes save the residual clause?" *Johnson* (slip op., at 12) citing *L. Cohen Grocery*, 255 U.S. 81 (1921). Using the analysis from *Johnson* and *L. Cohen Grocery Co.*, the Court must find the analogue statute unconstitutionally vague if the application to some drug substances is vague, ambiguous, or arbitrary, even if other drug substances clearly do or do not qualify as a drug analogue.

The Analogue Act shares a similar statutory construction with that of the Armed Career Criminal Act, which was found in *Johnson* to be unconstitutionally vague. Both statutes rely on a definition that is followed by categories meant to give guidance to the application of the definition. The Analogue Act suffers from the same infirmities that have tormented the Armed Career Criminal Act for years; the categories that are meant to lend guidance to the definition instead muddy the waters and complicate the definition. But, those categories may not be ignored, as they comprise part of the definition required to be met before a substance may be properly deemed to be an analogue to a controlled substance.

Similar to the dilemma presented in *Johnson*, the categories in the Analogue Act create uncertainty because they include only three drug types, not the seven that are generally recognized. The three drug types described in the Analogue Act are stimulants, depressants, and hallucinogens. The American Prosecutors' Research Institute identifies and categorizes seven categories of drugs: 1) central nervous system depressants; 2) central nervous system stimulants; 3) hallucinogens; 4) PCP and analogues; 5) narcotic analgesics; 6) inhalants; and 7) cannabis. The Drug Evaluation and Classification (DEC) Program, American Prosecutors Research Institute, http://www.ndaa.org/pdf/drug_evaluation_classification_dec.pdf at 6-7.

This list has more than double the number of drug categories enumerated in the Analogue Act. Basic rules of statutory construction would have us believe that by identifying specific categories of drugs in the Analogue Act, it meant to exclude all categories not so identified. Although this by itself would be a reason to believe a marijuana or cannabis analogue falls outside the scope of the Analogue Act, the

Analogue Act is unconstitutionally void for vagueness under the same logic employed in *Johnson*; specifically, that when categories are identified and the illegal conduct does not fall neatly into one of the categories, uncertainty and therefore vagueness result. This uncertainty and resultant vagueness leaves a defendant without clear understanding of which conduct or substances are illegal and which are not.

Further, according to the National Highway Safety Administration (NHTSA), a federal agency, marijuana belongs to the drug category Cannabis/Marijuana in part because its "spectrum of behavioral effect is unique, preventing classification of the drug as a stimulant, sedative, tranquilizer, or hallucinogen." Drug and Human Performance Fact Sheet, National Highway Traffic Safety Administration, http://www.nhtsa.gov/people/injury/research/job185drugs/cannabis.htm. This very clearly explains that marijuana, and therefore any marijuana/cannabis analogue, fall outside of the categories that fall within the ambit of the Analogue Act.

One problem with categories as they are used in the Analogue Act is the confusion it would cause a person when trying to determine if a substance is an analogue and therefore illegal. A person of average intelligence will not know whether a substance has a chemical structure substantially similar to a scheduled drug. This leaves only the second and third prong of the Analogue Act to guide a person as to whether a substance is an analogue. Both the second and third prongs include the list with the enumerated categories of stimulant, depressant, or hallucinogen. A person could reasonably believe that if a substance does not have the effect of a stimulant, depressant, or hallucinogen, then the substance is not an analogue. This logic goes even further when a federal

government agency such as NHTSA, clearly explains that marijuana does not have a stimulant, depressant, or hallucinogenic effect on the body.

It is important to distinguish Defendants' arguments here with the holding in *Niemoeller*, where the court explains "[w]hether a particular substance qualifies as a controlled substance analogue is a question of fact." *Niemoeller*, 2003 WL 1563863 (S.D.Ind. Jan. 24, 2003) at *6 (explaining that "[w]hether the government may ultimately meet its burden remains [for trial]"); *Fedida*, 2013 WL 1831991, at *2 (concluding that the defendant's challenges regarding the substantial similarity of the chemical structure of the alleged substances were "challenges to the sufficiency of the evidence, not the Indictment").

Here, Defendants challenge the Analogue Act itself as unconstitutionally void for vagueness in violation of the Fifth Amendment to the United States Constitution, not the chemical structure of any particular drug. Defendants' arguments are purely a legal argument and does not fall into the factual and scientific morass of so many other analogue challenges. The premise in *Niemeyer* that "[w]hether a particular substance qualifies as a controlled substance analogue is a question of fact" misses entirely the requirement that the law place a person on notice of what conduct amounts to illegal activity. Again, this goes to the issue in *Johnson* where if some, but not all, drug analogues are clearly legal or illegal under the statute as written, then the analogue statute has to be found void for vagueness.

The vagueness challenge to the Analogue Act that was addressed in the Supreme Court's decision in *McFadden* focused on whether the substance in that particular case was substantially similar to a scheduled controlled substance, it did not attack the

vagueness of the Analogue Act itself. *United States v. McFadden*, 576 U.S. -, 135 S.Ct. 2298 (June 18, 2015).

The Court in *McFadden* did address the possibility that the Analogue Act was void for vagueness, but only addressed the issue to a very limited degree. *Id*. Specifically, the void for vagueness issue challenge advanced by the defendant in *McFadden* was whether the Analogue Act should be void for vagueness due to constitutional avoidance. *Id*. The Court held the Analogue Act was not void because the Act is not an instance of constitutional avoidance. Constitutional avoidance is not the issue raised here by Defendants. *Id.* The Court's decision in *McFadden* therefore left open the possibility the Analogue Act may be void for vagueness for violating a cannon other than constitutional avoidance.

The Court in *Johnson* well recognized that while vagueness challenges to the Armed Career Criminal Act were raised in two prior Supreme Court cases, those were not the main arguments in either case, and as a result, the issue was not fully briefed. *Johnson* (slip op., at 14-15). To Defendants' knowledge, the specific argument contained in this motion has not been raised or fully briefed prior to this filing. Defendants invite this Court to fully explore this issue of first impression, and similar to the Court in *Johnson*, find the Analogue Act in violation of the Fifth Amendment to the United States Constitution because it is void for vagueness for the same reasoning as employed in *Johnson*.

WHEREFORE, Defendants requests this Court dismiss Count I of the Indictment in this matter because the charging statute is unconstitutionally vague in violation of the Fifth Amendment to the United States Constitution.

Dated: October 8, 2015

Respectfully submitted,

| THE LAW OFFICE OF JASON A. KORNER | BOROWIAK LAW FIRM |
|---|---|
| By: /s/  Jason A. Korner<br>Jason A. Korner  #58495MO<br>7911 Forsyth Blvd. Suite 300<br>Clayton, Missouri 63105<br>Telephone: (314) 409-2659<br>Fax: (314) 863-5335<br>Email: jasonkorner@kornerlaw.com | By:  /s/Zachary Borowiak (with permission)<br>Zachary J. Borowiak  #58855MO<br>225 South Meramec, Suite 301<br>St. Louis, Missouri 63105<br>Telephone: (314) 537-2351<br>Fax: (314) 269-1042<br>Email: borowiaklaw@gmail.com |
| *Attorney for Defendant Samuel Leinicke* | *Attorney for Defendant Robert Wolfe* |
| THE LAW OFFICES OF SHELBY M. COWLEY | THE MUTRUX LAW FIRM |
| By: /s/ Shelby M. Cowley (with permission)<br>Shelby M. Cowley  #62819MO<br>1717 Park Avenue<br>St. Louis, MO 63104<br>Telephone: (314) 721-1024<br>Fax: (314) 446-4700<br>Email: shelby@cowleylaw.net | By: /s/  Tyson Mutrux (with permission)<br>Tyson Mutrux<br>1717 Park Avenue<br>St. Louis, MO 63104<br>Telephone:  (314) 270-2273<br>Fax: (314) 884-4333<br>Email:  tyson@mtruxlaw.com |
| *Attorney for Defendant Mark Palmer* | *Attorney for Defendant Mark Palmer* |
| LUCCO, BROWN, THRELKELD & DAWSON | DOWD BENNETT LLP |
| By: /s/  J. William Lucco (with permission)<br>J. William Lucco  #1701835IL<br>Christopher P. Threlkeld   #6271483IL<br>224 St. Louis Street<br>Edwardsville, Illinois 62025<br>Telephone:  (618) 656-2321<br>Fax: (618) 656-2363<br>Email:  blucco@lbtdlaw.com<br>cthrelkeld@lbtdlaw.com | By: /s/James Crowe, III (with permission)<br>James E. Crowe, III  #50031MO<br>7733 Forsyth Boulevard, Suite 1900<br>Clayton, Missouri 63105<br>Telephone:  (314) 889-7300<br>Fax: (314) 863-2111<br>Email: jcrowe@dowdbennett.com |
| *Attorneys for Defendant Charles Wolfe* | *Attorney for Defendant Joseph Gabrick* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of October, 2015, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, and service upon all participants in the case who are CM/ECF users will be accomplished by operation of that system.

/s/  Jason A. Korner