UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  4:14-CR-00175 AGF (DDN) |
| | ) | |
| MARK PALMER, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS COUNT I OF THE INDICTMENT ON GROUNDS THAT THE INDICTMENT FAILS TO STATE AN OFFENSE AND ON THE GROUNDS THAT 21 U.S.C. § 813; AND 21 U.S.C. § 802(32)(A) ARE UNCONSTITUTIONALLY VAGUE AS APPLIED TO DEFENDANTS**

Throughout its response, (Doc. 192 at pp. 11-19), the Government makes numerous incorrect assertions regarding the positions Defendants advance through their Motion.  First, the Government incorrectly states the "Defendants argue that these substances" (AKB48 and APINACA; XLR-11 and 5-Flouro-UR-144; A-796,260; and 5F-PB-22) "are analogues of JWH-018 which is a 'cannabimimetic agent' as defined by 21 U.S.C. § 812(c)(d)(2)(A)." (Doc. # 401, p. 11).  To the contrary, Defendants believe that argument will be raised solely by the Government.

The Government correctly asserts that "Defendants maintain that the definition of 'cannabimimetic agents' as found in 21 U.S.C. § 812(c)(d)(2)(A) is in conflict with the provisions of the Analogue Act."  (Doc. # 401, p. 11).  The Government, however, incorrectly asserts that Defendants have taken the position that "as a result of the inclusion of the cannabimimetic agents as Schedule I controlled substances, prosecution under the Analogue Act

is <u>no</u> <u>longer</u> <u>feasible.</u>" (Doc. # 401, p. 12) (emphasis added).  The challenge posed by Defendants' Motion is much more discrete.  It is that prosecution does not lie under the Analogue Act as to any substance alleged to be a controlled substance analogue of one of the fifteen (15) cannabimimetic agents listed under 21 U.S.C. § 812(c)(d)(2)(B)(i)-(xv).

The Government incorrectly states "Defendants argue that because AKB48 and APINACA; XLR-11 and 5-Flouro-UR-144; A-796,260; and 5F-PB-22 do not share the same structural class as JWH-018, they cannot be treated as controlled substance analogues intended for human consumption." (Doc. # 401, p. 18).  To the contrary, Defendants claim solely that the Analogue Act does not apply to these substances, which the Government alleges to be controlled substance analogues of at least one of the fifteen (15) cannabimimetic agents listed under 21 U.S.C. § 812(c)(d)(2)(B)(i)-(xv).

Throughout its response, the Government makes numerous conclusory statements claiming that 21 U.S.C. § 802(32)(A) and 21 U.S.C. § 812(c)(d)(2)(A) are not in conflict with each other.  The Government, however, fails to provide virtually any support for these claims.  The one bold assertion the Government does make is as follows:

> …Contrary to the Defendant's assertions, 21 U.S.C. § 813 and 21 U.S.C. § 802(32)(A) do not conflict with 21 U.S.C. § 812(c)(d)(2)(A).  21 U.S.C. § 812(c)(d)(2)(A) provides a necessary distinction for purposes of scheduling <u>controlled</u> <u>substances</u>.  There is no conflict in the statutory scheme as a result of the definition of 'cannabimimetic agents' differing from the definition of controlled substance analogue under 21 U.S.C. § 802(32)(A).  Indeed, those substances which fit the definition of 'cannabimimetic agents' are <u>controlled</u> <u>substances</u>, **not** <u>controlled</u> <u>substance analogues</u>.

(Doc. # 401, p. 18).

2

To clarify, the Government's sole basis for claiming that 21 U.S.C. § 813 and 21 U.S.C. § 802(32)(A) do not conflict with 21 U.S.C. § 812(c)(d)(2)(A), is that "<u>controlled substance analogues</u>" are NOT "<u>controlled substances</u>."  In making such a bold assertion, the Government is visibly eager to establish a clear separation between the statutory definition of "cannabimimetic agents," in 21 U.S.C. § 812(c)(d)(2)(A), and the statutory definition of "controlled substance analogues," in 21 U.S.C. § 802(32)(A).

The Government's argument is directly contradicted by the Analogue Act itself, 21 U.S.C. § 813, which provides:

> <u>A</u> <u>controlled</u> <u>substance</u> <u>analogue</u> <u>shall</u>, to the extent intended for human consumption, <u>be</u> <u>treated</u>, for the purposes of any Federal law <u>as a controlled substance in schedule I.</u>

(emphasis added).  Additionally, the Supreme Court's recent holding in <u>United States v. McFadden</u> 135 S.Ct. 2298 (2015) further belies the Government's argument:

> The question in this case is how the mental state requirement under the CSA for knowingly manufacturing, distributing, or possessing with intent to distribute "a controlled substance" applies when the controlled substance is in fact an analogue. The answer begins with §841(a)(1), which <u>expressly</u> <u>requires</u> <u>the</u> <u>Government</u> <u>to</u> <u>prove</u> <u>that</u> <u>a</u> <u>defendant</u> <u>knew</u> <u>he</u> <u>was</u> <u>dealing</u> <u>with</u> '**a** <u>**controlled**</u> **<u>substance</u>**.' The <u>Analogue</u> <u>Act</u> does not alter that provision, but rather <u>instructs</u> <u>courts</u> <u>to</u> <u>treat</u> <u>controlled</u> <u>substance</u> <u>analogues</u> <u>'as</u> <u>.</u> <u>.</u> <u>.</u> **<u>controlled</u>** **<u>substance[s]</u>** <u>in</u> <u>schedule</u> <u>I.</u>' §813. Applying this statutory command, it follows that the <u>Government</u> <u>must</u> <u>prove</u> <u>that</u> <u>a</u> <u>defendant</u> <u>knew</u> <u>that</u> <u>the</u> <u>substance</u> <u>with</u> <u>which</u> <u>he</u> <u>was</u> <u>dealing</u> <u>was</u> '**a** <u>**controlled**</u> <u>**substance**.'</u> <u>even</u> <u>in</u> <u>prosecutions</u> <u>involving</u> <u>an</u> **<u>analogue</u>**.

3

*Id.* at 135 S.Ct. 2305 (emphasis added).  Therefore, based on the foregoing, both "cannabimimetic agents" and "controlled substance analogues" are <u>controlled substances in schedule I</u>.

The bottom line is that a conflict does exist between the statutory definition of controlled substance analogues, 21 U.S.C. § 802(32)(A), and the statutory definition of "cannabimimetic agents," 21 U.S.C. § 812(c)(d)(2)(A), because each has their own "structure" and "effect" elements.  The conflict is triggered where, as here, a substance is alleged to be a controlled substance analogue of one of the fifteen (15) cannabimimetic agents listed in 21 U.S.C. § 812(c)(d)(2)(B)(i)-(xv).  It is then necessary to determine which structure and effect elements to use—those of 21 U.S.C. § 802(32)(A) or of the specific and subsequently-enacted provisions of 21 U.S.C. § 812(c)(d)(2)(A).

The fifteen (15) cannabimimetic agents listed under 21 U.S.C. § 812(c)(d)(2)(B) are listed solely because each meets the statutory definition of "cannabimimetic agent" under 21 U.S.C. § 812(c)(d)(2)(A).  By only listing those substances that meet the structure and effect elements of 21 U.S.C. § 812(c)(d)(2)(A), Congress has *explicitly* articulated the structure and effect qualities it deems significant within each of those fifteen (15) cannabimimetic agents.  It has long been held that "specific terms prevail over the general in the same or another statute which otherwise might be controlling." *D. Ginsberg & Sons v. Popkin*, 285 U.S. 204, 208, 52 S. Ct. 322, 323, 76 L. Ed. 704 (1932); *Nguyen v. United States*, 556 F.3d 1244, 1253 (11th Cir.2009) ("The canon is that a specific statutory provision trumps a general one.").  An ambiguous or general statutory provision enacted at an earlier time must yield to a specific and

4

clear provision enacted at a later time. *Morton v. Mancari*, 417 U.S. 535, 550–51, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974).

Within 21 U.S.C. § 812(c)(d)(2)(A) Congress provides <u>the</u> test for determining whether a chemical is similar enough to those fifteen (15) cannabimimetic agents specifically listed at § 812(c)(d)(2)(B). Thus, any attempt to claim that a new substance is a controlled substance analogue of one of the fifteen (15) cannabimimetic agents in § 812(c)(d)(2)(B)(i)-(xv) would violate the rules of statutory construction, directly conflict with and undermine the legislative intent, and be unconstitutionally vague as applied.

The Government attempts to establish dominance of the Analogue Act, by bolstering the significance of the statutory definition of "controlled substance analogues," (21 U.S.C. § 802(32)(A)), and erroneously diminishing the significance of the statutory definition of "cannabimimetic agents," (21 U.S.C. § 812(c)(d)(2)(A)) by asserting the following:

> Indeed, 21 U.S.C. § 802(32)(A) is the framework for proving whether a substance is a controlled substance analogue. 21 U.S.C. § 812(c)(d)(2)(A) is <u>merely</u> <u>the</u> <u>treatment</u> of certain substance, including cannabimimetic agents, under Schedule I.

(Doc. # 401, p. 18) (emphasis added).

First, only the Analogue Act, 21 U.S.C. § 813, contains language discussing the "treatment" of certain substances by providing: "*a controlled substance analogue shall…be* <u>*treated*</u>… *as a controlled substance in schedule I.*" (emphasis added). Second, "as a rule, a statutory definition which declares what a term 'means' excludes any meaning that is not stated." *Burgess v. United States,* 553 U.S. 124 (2008); see also *Groman v. Commissioner*, 302 U.S. 82,

5

86, 58 S.Ct. 108, 82 L.Ed. 63 (1937) (when an exclusive definition is intended the word 'means' is employed).  Title 21 U.S.C. § 802(32)(A) provides: "*Except as provided in subparagraph (C), the term 'controlled substance analogue' **means**…*" (emphasis added).  Accordingly, pursuant to *Burgess*, the definition contained in § 802(32)(A) declares what the term "controlled substance analogue" "**means**," and thereby excludes any meaning that is not stated.

Similarly, 21 U.S.C. § 812(c)(d)(2)(A) provides: "***the term** 'cannabimimetic agent;* **means** *any substance that…*" (emphasis added).  Accordingly, pursuant to *Burgess*, the statutory definition contained in § 812(c)(d)(2)(A) declares what the term "cannabimimetic agents" "**means**," and thereby excludes any meaning that is not stated.  Therefore, just as § 802(32)(A) is the "framework for proving whether a substance is 'controlled substance analogue,'" Section 812(c)(d)(2)(A) is the "framework for proving whether a substance is 'cannabimimetic agent.'"

The Government seeks to apply the Analog Act to substances which it alleges to be analogues of one of the fifteen (15) cannabimimetic agents listed under 21 U.S.C. § 812(c)(d)(2)(B)(i)-(xv), without having to be encumbered by the statutory definition of cannabimimetic agents listed under 21 U.S.C. § 812(c)(d)(2)(A).  Essentially, the Government pretends to be authorized to decide for itself which portions of 21 U.S.C. § 812(c)(d) it will respect (i.e., 21 U.S.C. § 812(c)(d)(2)(B)(i)-(xv)) and which portions it will bypass/disregard (i.e., the definitional requirements of cannabimimetic agents in 21 U.S.C. § 812(c)(d)(2)(A)).

The Government's approach stands at odds with one of the most basic interpretative canons, that "a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Corley v. United States,* 556 U.S.

6

303, 314 (2009)(the fundamental problem with the Government's reading of § 3501 is that it renders § 3501(c) nonsensical and superfluous).  Here, 21 U.S.C. § 812(c)(d)(2)(A) provides the statutory definition of "cannabimimetic agents," and 21 U.S.C. § 812(c)(d)(2)(B)(i)-(xv) lists the fifteen (15) substances that meet the statutory definition of "cannabimimetic agents," 21 U.S.C. § 812(c)(d)(2)(A).  As is discussed above, the fifteen (15) cannabimimetic agents listed under 21 U.S.C. § 812(c)(d)(2)(B) are listed there solely because they have each met the statutory definition of "cannabimimetic agent" under 21 U.S.C. § 812(c)(d)(2)(A).  Therefore, the Government's proposed action of removing any one of the fifteen (15) cannabimimetic agents in order to conduct an analogue comparison, but intentionally disregarding 21 U.S.C. § 812(c)(d)(2)(A), which is the sole reason that cannabimimetic agent is listed, renders 21 U.S.C. § 812(c)(d)(2)(A) inoperative.

The Government argues that to adopt Defendants' reasoning would defeat the purpose of the Analogue Act.  Defendants, for their part, point out that the amendment of the Controlled Substances Act to add cannabimimetic agents was the first time Congress amended the Act to statutorily define (rather than simply list) a new category of substances.  Prior to July 9, 2012, Schedule I of the Controlled Substances Act contained only the following three categories of substances:  "opiates" (21 U.S.C. § 812(c)(a); "opium derivatives" (21 U.S.C. § 812(c)(b)); "hallucinogenic substances" (21 U.S.C. § 812(c)(c).  On July 9, 2012, Congress amended Schedule I of the Controlled Substances Act to include a fourth category of substances named "cannabimimetic agents."  However, for the first time in the history of the Act, Congress actually provided a specific statutory definition for that category of substances as provided in 21 U.S.C. §

7

812(c)(d)(2)(A).  These facts provide unequivocal support for Defendants' claim that Congress intended that the statutory definition of "cannabimimetic agents" would serve as *the* test for determining whether a substance is a "cannabimimetic agent."

Furthermore, as illustrated in Exhibit 1 to Defendants' Motion (Doc. # 182-1) the "structure" element, 21 U.S.C. § 812(c)(d)(2)(A)(i-v), lists a total of seven (7)[1] broad structural classes.  In order to meet the structure element, a chemical's structure need only fall within one of those broad structural classes.  As further illustrated in Exhibit 1, each of the fifteen (15) cannabimimetic agents fall within one of the seven structural classes.  Interestingly, however, all of the fifteen (15) cannabimimetic agents only fall within three (3) out of the seven (7) structural classes.  The fact that there are four (4) additional structural classes that did not include the 15 cannabimimetic agents included in § 812(c)(d)(2)(B)(i)-(xv) illustrates that Congress intended for the statutory definition of cannabimimetic agents, 21 U.S.C. § 812(c)(d)(2)(A), to be *the* statute that regulates cannabimimetic agents, including by encompassing future cannabimimetic agents.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court to dismiss Count I of the Indictment or, in the alternative, strike from the Indictment all substances that have been improperly charged as analogues to separately-scheduled cannabimimetic agents and grant such further relief as the Court deems appropriate.

Respectfully submitted,

---

[1] 21 U.S.C. § 812(c)(d)(2)(A)(ii) and (v) each contain two (2) structural classes, bringing the total number of structural classes to seven (7).

| | |
|---|---|
| LUCCO, BROWN, THRELKELD & DAWSON | DOWD BENNETT LLP |
| By: /s/ Christopher P Threlkeld | By: /s/ James E. Crowe, III   (with permission) . |
| J. William Lucco  #1701835IL | James E. Crowe, III  #50031MO |
| Christopher P. Threlkeld   #6271483IL | 7733 Forsyth Boulevard, Suite 1900 |
| 224 St. Louis Street | St. Louis, Missouri 63105 |
| Edwardsville, Illinois 62025 | Telephone: (314) 889-7300 |
| Telephone: (618) 656-2321 | Fax: (314) 863-2111 |
| Fax: (618) 656-2363 | Email: jcrowe@dowdbennett.com |
| Email: blucco@lbtdlaw.com | |
|        cthrelkeld@lbtdlaw.com | |
| | *Attorney for Defendant Joseph Gabrick* |
| *Attorneys for Defendant Charles Wolfe* | |
| BOROWIAK LAW FIRM | THE LAW OFFICE OF JASON A. KORNER |
| By: /s/ Zachary J. Borowiak (with permission) | By: /s/ Jason A. Korner (with permission) |
| Zachary J. Borowiak  #58855MO | Jason A. Korner  #58495MO |
| 225 South Meramec, Suite 301 | 7911 Forsyth Blvd. Suite 300 |
| St. Louis, Missouri 63105 | Clayton, Missouri 63105 |
| Telephone: (314) 537-2351 | Telephone: (314) 409-2659 |
| Fax: (314) 269-1042 | Fax: (314) 863-5335 |
| Email: borowiaklaw@gmail.com | Email: jasonkorner@kornerlaw.com |
| *Attorney for Defendant Robert Wolfe* | *Attorney for Defendant Samuel Leinicke* |

| THE MUTRUX LAW FIRM | THE LAW OFFICES OF SHELBY M. COWLEYI |
|---|---|
| By: /s/ Tyson Mutrux (with permission)<br>Tyson Mutrux<br>1717 Park Avenue<br>St. Louis, Missouri 63104<br>Telephone: (314) 270-227<br>Fax: (314) 884-4333<br>Email: tyson@mtruxlaw.com<br><br>*Attorney for Defendant Mark Palmer* | By: /s/ Shelby M. Cowley (with permission)<br>Shelby M. Cowley  #62819MO<br>1717 Park Avenue<br>St. Louis, MO 63104<br>Telephone: (314) 721-1024<br>Fax: (314) 446-4700<br>Email: shelby@cowleylaw.net<br><br>*Attorney for Defendant Mark Palmer* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 3rd day of December, 2015, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, and service upon all participants in the case who are CM/ECF users will be accomplished by operation of that system.

/s/ Christopher P Threlkeld