UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14-CR-00175 AGF (DDN) |
| | ) | |
| MARK PALMER *et. al*, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS COUNT I OF THE INDICTMENT**

COME NOW Defendants, by and through their respective undersigned counsel, and

for their reply in support of their Joint Motion to Dismiss Count I of the Indictment (Doc. 185,

"Defendants' Motion"), state as follows:

The Government's Response to Defendants' Motion (Doc. 192 at 21-27, "Resp.")

correctly allows that an Indictment is fatally deficient when an essential element "of substance"

rather than "of form" is omitted.  (Resp. at 22 (citing *United States v. Villareal*, 707 F.3d at

957)).  That is precisely what Defendants' motion establishes to be the case here, where the

Indictment is silent as to whether any defendant knew the substances that are the subject of

Count I were either controlled substances or controlled substance analogues under 21 U.S.C. §§

813 and 832(A)(32).

The Government's response to Defendants' challenge to the sufficiency of the

Indictment, is, in effect one that commends the Court to place form over substance—or at least to

excuse a deficient form of Indictment by deferring substance to another time, namely, until trial.

In so doing, the Government's response misapprehends Defendants' challenge to the Indictment

by erroneously characterizing it as one made to the sufficiency of the evidence.  While it may be

the case that there was not sufficient evidence presented to the Grand Jury to support a finding of probable cause to believe that the defendants conspired to violate the Controlled Substances Act by way of  distributing substances known to them to be controlled substance analogues, that is not the challenge Defendants raise to the Indictment at this time.

Instead, the deficiency of the Indictment is one of pleading, and it warrants the relief Defendants seek.  It remains unknown whether that deficiency is the result of a problem of inadequate proof presented to the Grand Jury, or the failure to even request the Grand Jury to make a finding as to whether any defendant knew that the substances referred to in the Indictment were in fact either controlled substances or controlled substance analogues under 21 U.S.C. §§ 813 and 832(A)(32).  But what is clear is that the Government would have the Court allow that even if the deficiency of which Defendants complain is recognized, it is one that can be overcome through the Government's proof—at trial.  That is not, however the standard under which the sufficiency of allegations in an Indictment are evaluated.   Here, the issue is whether the Indictment has omitted an essential element, without which it does not fairly state the requisite allegations to support a finding of probable cause of a violation of 21 U.S.C. §§ 841(a)(1) and 813 it cites.  *McFadden* tells us precisely what is missing from the Indictment – the correct allegation of knowledge required to establish a violation of the Controlled Substances Act that involves analogues.

When the issue is whether an element of an offense has been omitted, the court's inquiry is whether the omission is one of substance or of form only.  *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988), *cert. denied* 488 U.S. 849, 109 S.Ct. 130 (1988).  How knowledge could be considered as anything less than a substantial, essential element of any criminal offense defies logic as well as legions of American jurisprudence.  "When a criminal statute introduces

the elements of a crime with the work 'knowingly,' we apply that word to each element of the crime unless special context or background calls for a different reading."  *United States v. Nguyen*, 758, F.3d 1024, 1027-28 (8th Cir. 2014) (citing United States v. Bruguier, 735 F.3d 754, 758 (8th Cir. 2013)).

Indeed, pleading the requisite *mens rea* is the *sine qua non* of any criminal allegation. While in certain instances the *mens rea* alleged dictates the degree of the offense charged (*i.e.* manslaughter as compared to homicide), here it is dispositive of whether the offense of knowingly conspiring to distribute a controlled substance analogue is effectively charged at all. The Government does not concede any such omission in the Indictment, but even if it did, the reference to the relevant statutes cannot supply an element omitted by the Grand Jury.  *United States v. Camp*, 541 F.2d 737, 740 (8th Cir. 1976).  Instead, "where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute."  *Russell v. United States*, 369 U.S. 749, 764, 82 S. Ct. 1038, 1047 (1962).

The logical extension of the Government's argument is that notwithstanding the fact that the knowledge requirements of *Sullivan* are not met by the Indictment that was returned by the Grand Jury (a suggestion the Government's response does not at all address other than to conclude it is "meritless" (Resp. at 26)), the fact that the Government can meet those requirements at trial obviates any deficiency in the Indictment.  The Defendants' challenge is one that must be decided not based on how the Government may be able to cure it at trial, but rather, on the face of the Indictment itself.  The Indictment does not show that the Grand Jury weighed whether defendants' knew that the substances they are alleged to have distributed were controlled substance analogues.  In a post-*McFadden* world, that failure is fatal because it is one

- 3 -

that omits an essential element of a violation of the Controlled Substances Act that is premised on substances alleged to be analogues under 21 U.S.C. § 802(32)(A).

The Government attempts to refute Defendants' assertion that there is no way to determine from the face of the Indictment whether the Grand Jury found that the defendants had the required knowledge to establish a violation of 21 U.S.C. 841(a)(1) involving analogues.  By assuming Defendants' challenge of the Indictment to be one to the sufficiency of the evidence the Government again misses the mark by dismissing any suggestion that the Indictment does not reflect the findings that would be required to be made by the Grand Jury based upon the holding of *McFadden*.  The Government allows that even before the Supreme Court decided *McFadden*, Eighth Circuit precedent including *Sullivan* already required the Government to prove the defendant knew he was in possession of a controlled substance analogue.

In taking the pains it does to point out that within the Eighth Circuit, the knowledge requirements of *McFadden* pre-dated the Supreme Court's decision in that case, the Government effectively establishes that once those requirements were adopted within this Circuit, there is no reason why the Indictment returned in this case in 2014 should not reflect the requisite element of knowledge to have been found by the Grand Jury-- even before *McFadden* was decided.  *See United States v. Bamberg,* 478 F.3d 934, 939–40 (8th Cir. 2007) (discussing *United States v. Turcotte,* 405 F.3d 515 (7th Cir.2005)).

The Government's reliance upon *United States v. Boykin* does not serve its ends either. The Court in that case found that the absence of the language "for ransom or reward or otherwise" in a kidnapping Indictment was not fatal to it having sufficiently pleaded the offense of kidnapping because it was not an essential element of the offense, and even if it were, the language "or otherwise" could be satisfied by proof of any purpose at all and the kidnapping

statute could be violated regardless of the defendants' motivation.  794 F.3d 939, 947 (8th Cir. 2015).  As a result, the Grand Jury did not have to find probable cause to believe that element was met because "irrespective of whether [the kidnapping Indictment] specifies the 'otherwise' benefit—adds <u>nothing</u>."  *Id.* (emphasis supplied).  That differs wildly from the facts presented here, where the allegation of knowledge that is missing from the Indictment is <u>everything</u>.  It is the indispensable allegation that the defendant *actually knew* the substances upon which the violation of 21 U.S.C. § 841(a)(1) is based to be controlled substance analogues.  Notably, unlike the missing kidnapping elements in *Boykin*, the Government is not claiming here that knowledge is not an essential element.

In fact, the Government asserts that the elements of the offense charged in count I include one that "during the time alleged in the Indictment, two or more persons reached an agreement or came to an understanding to distribute substances containing detectable amounts of synthetic cannabinoids." (Br. at 23).  Indeed, the words "synthetic cannabinoids" are nowhere to be found in the Indictment.  Instead, the Indictment employs a series of inconsistent, undefined terms, none of which can be fairly read to constitute an offense under Rule 7(c)(1), let alone to serve as a proxy for a direct allegation of the knowledge *McFadden* requires.  *See* Motion at II (A)(4).

The Government's response asserts that a separate element is "at the time the defendant joined in the agreement or understanding, he *knew* the purpose of the agreement or understanding" (Br. at 23)(emphasis supplied).  But that is not the language employed in the Indictment, either.  Nor can the Indictment be fairly read to establish that the Grand Jury found that the defendants knew the purpose of the conspiracy when the Indictment does not also state that the defendants knew the substances that are the subject of the Indictment were controlled substances or controlled substance analogues.

- 5 -

The Government's citation to *United States v. Pemberton,* 121 F.3d 1157 (8th Cir. 1997) advances no further toward addressing the challenge Defendants have actually made to the Indictment.  In that case, the element that the defendant was an agent of an entity that had received federal funds was missing in one count, but the Eighth Circuit found that adequate agency allegations, both factual and otherwise, in other counts of the Indictment rendered that deficiency one of form and not substance.  *Id*. 121 F.3d at 1169.  That is not the case here, since nowhere in the Indictment can one find allegations of knowledge that the substances that are the subject of the Indictment were controlled substance analogues.

In fact, none of the decisions cited by the Government addresses an instance where the element of scienter or knowledge was omitted from the Indictment.  The only decision it cites where an essential element was omitted from the Indictment was *Bedford*, where the missing element was one of "interdependency".  536 F.3d 1148, 1156 (10th Cir. 2008).  But in that case, the remaining "Manner and Means" and "Overt Acts" sections of the conspiracy allegations established the requisite interdependency.  That is not so in the case of Count I of the Indictment in this case, which contains only a single reference to knowledge as to the intent to conspire, but fails to describe, as *McFadden* now requires, that the defendants knew that the specific substances alleged in Section B, paragraph 6 of the Indictment or any other analogues were in fact analogues or controlled substances.  The Government points the court to the Manner and Means set out in Section B of Count I, but what the Government describes that section to say is different from what it would need to say in order to meet the requirements of *McFadden*.  That section does not employ any words that establish the Grand Jury found the defendants to have knowledge that the substances were either controlled or analogues.  There cannot be said to be a

- 6 -

clear statement of the offense in an Indictment when a crucial element is missing.  That an offense may be capable of clear proof later is irrelevant.

In citing to the *Todd* and *Bedford* decisions of the Tenth Circuit Court of Appeals, the Government seeks to avail itself of a relaxed pleading standard for Indictments.  (Resp. at 22). But those decisions do not render the limited allegation of knowledge in current Indictment adequate under *McFadden*.  Instead, what the Government hastens to defend now is a "critical and difficult question, which could be obviated by a simple averment in the Indictment" but the absence of which "invites inquiry into the purposes and functions which a Grand Jury Indictment is intended to serve."  *Russell v. United States*, 369 U.S. 749, 760, 82 S. Ct. 1038, 1045 (1962). The decisions cited by the Government largely address the sufficiency of evidence for a conviction. For that reason, they are inapposite to the threshold challenge Defendants are making, which is not the evidentiary one the Government construes it to be.  Instead, the sufficiency of Count I of the Indictment is all the more that Defendants challenge at this juncture.

In assessing the adequacy of the Indictment, it bears considering: how can the Indictment be found to be sufficient when it lacks the very knowledge element that the Government concedes it must establish at trial?  The fact a substance may be a Schedule I controlled substance or controlled substance analogue is one thing; whether any defendant knew either to be the case as to any given substance is entirely another.  The former does not establish the latter. That is the teaching of *McFadden*: knowledge that a given substance is a controlled one is not adequate where the substance is only controlled by virtue of being an analogue.  With that in mind, nothing about the Indictment suggests that the required findings of knowledge were made by the Grand Jury.

As the Government would have it, the new reality created by *McFadden's* requirement that a defendant be proven to have known "that the substance with which he was dealing was 'a controlled substance,' even in prosecutions involving an analogue" changes nothing about how that offense must be charged.   While *McFadden* ultimately establishes the requirements of knowledge to be met in establishing a violation of the Controlled Substances Act that involves analogues and proceeds to speak to the means by which such knowledge may be proven at trial, *McFadden's* application is not limited to the trial context.   What is incontrovertible about *McFadden's* holding is that it requires the defendant have known *something*—either that "the substance was controlled under the CSA or the Analogue Act, even if he did not know its identity or the specific features of the substance that make it a 'controlled substance analogue.'" *McFadden*, 135 S.Ct. at 2302. That a substance was a controlled substance analogue is not, without more, enough to establish the knowledge that *McFadden* requires.   Yet that is all the more the Government advocates the Indictment needs to allege. The question begged is, if that fact is not adequate to establish a defendant's knowledge at trial, how can it possibly be adequate at the charging stage?

Count I of the Indictment can at best be read in a way that a defendant intended that a substance which happens to be a Schedule I controlled substance analogue was one that was intended for human consumption.   That language cannot be read to fairly allege knowledge on the part of the defendant that he either: (1) knew the identity of the substance, or (2) knew the substance was a controlled substance analogue.

The Government's assertions that knowledge required by *McFadden* that are absent from the Indictment can be established another way, another day (at trial) founder on even the authority cited in the Government's response.   A conclusory allegation that may have once

sufficed to establish that a defendant knew a given substance was a controlled one and therefore violated 21 U.S.C. § 841(a)(1) is not adequate in the case of the same violation that involves a controlled substance analogue.  The Government admits that the requirement of *McFadden* is not a new one in the Eighth Circuit.  The fact that the Indictment does not meet it requires the dismissal of Count I.

WHEREFORE, for the foregoing reasons, Defendants jointly request that the Court grant their motion and enter its Order dismissing Count I of the Indictment, and grant all such other and further relief this Court finds just and warranted under the circumstances.

Dated: December 3, 2015

Respectfully submitted,

DOWD BENNETT LLP

By: /s/ James E. Crowe, III
    James E. Crowe, III  #50031MO
    7733 Forsyth Boulevard, Suite 1900
    St. Louis, Missouri 63105
    Telephone: (314) 889-7300
    Fax: (314) 863-2111
    Email: jcrowe@dowdbennett.com

    *Attorney for Defendant Joseph Gabrick*

BOROWIAK LAW FIRM

By:  /s/ Zachary J. Borowiak (with permission)
    Zachary J. Borowiak  #58855MO
    225 South Meramec, Suite 301
    St. Louis, Missouri 63105
    Telephone: (314) 537-2351
    Fax: (314) 269-1042
    Email: borowiaklaw@gmail.com

    *Attorney for Defendant Robert Wolfe*

LUCCO, BROWN, THRELKELD & DAWSON

By: /s/ J. William Lucco (with permission)
    J. William Lucco  #1701835IL
    Christopher P. Threlkeld   #6271483IL
    224 St. Louis Street
    Edwardsville, Illinois 62025
    Telephone: (618) 656-2321
    Fax: (618) 656-2363
    Email: blucco@lbtdlaw.com
          cthrelkeld@lbtdlaw.com

    *Attorneys for Defendant Charles Wolfe*

THE LAW OFFICE OF JASON A. KORNER

By: /s/ Jason A. Korner (with permission)
    Jason A. Korner  #58495MO
    7911 Forsyth Blvd. Suite 300
    Clayton, Missouri 63105
    Telephone: (314) 409-2659
    Fax: (314) 863-5335
    Email: jasonkorner@kornerlaw.com

    *Attorney for Defendant Samuel Leinicke*

THE MUTRUX LAW FIRM                          THE LAW OFFICES OF
                                             SHELBY M. COWLEY


By: /s/ Tyson Mutrux (with permission)       By: /s/ Shelby M. Cowley (with permission)
    Tyson Mutrux  #63117MO                       Shelby M. Cowley  #62819MO
    1717 Park Avenue                             1717 Park Avenue
    St. Louis, Missouri 63104                    St. Louis, MO 63104
    Telephone: (314) 270-2273                    Telephone: (314) 721-1024
    Fax: (314) 884-4333                          Fax: (314) 446-4700
    Email: tyson@mtruxlaw.com                    Email: cowley_shelby@yahoo.com

    *Attorney for Defendant Mark Palmer*         *Attorney for Defendant Mark Palmer*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 3rd day of December, 2015, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, and service upon all participants in the case who are CM/ECF users will be accomplished by operation of that system.

<u>       /s/ James E. Crowe, III       </u>