UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14-CR-00175 AGF (DDN) |
| | ) | |
| MARK PALMER *et. al*, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' REPLY BRIEF TO DISMISS INDICTMENT AS UNCONSITUTIONALLY VOID FOR VAGUENESS**

COME NOW Defendants, by and through their respective undersigned counsel, and for their reply in support of their Joint Motion to Dismiss Indictment as Void for Vagueness (Doc. 181, state as follows:

In *United States v. Makkar*, a recent opinion the Tenth Circuit Court of Appeals handed down on November 23, 2015, is the first case opinion to discuss the interaction between the decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), and the Analogue Act. The Court noted "[t]he resemblance between the Analogue Act and the residual clause of the ACCA might raise some questions in your mind." *Makkar*, 2015 WL 7422599 at *1. The Court then discusses the narrow construction *McFadden v. United States*, 135 S.Ct. 2298 (2015), gives to the Analogue Act, but still concludes, "[b]ut whether this construction will suffice to save the Analogue Act from the same fate as the ACCA's residual clause may still remain to be seen." *Makkar* at *1. The Court goes further, stating:

> It's an open question, after all, what exactly it means for chemicals to have a 'substantially similar' chemical structure – or effect. And whether terms like those will admit of fair application and afford citizens fair notice, or whether we will find ourselves wading incrementally, in one as-applied challenge after another,

> deeper into an analytical swamp much as we did with the ACCA's residual clause litigation.

*Id*. This language from *Makkar* raises the precise issue and concerns that Defendants raised in their initial motion.

The Government relies on a slew of cases decided prior to *Johnson* where the Eighth Circuit did not have the precedent established by *Johnson*. Further, the United States Supreme Court upheld the Armed Career Criminal Act several times prior to striking it down as unconstitutionally vague in *Johnson*. Simply because a statute has been determined not to be void for vagueness in the past is not binding on new review of the statute in this case, especially in light of new Supreme Court precedent.

Defendant argues not only that the use of the words "substantially similar" are vague, but specifically the combination of the words "substantially similar" with the list of substances contained in the act, stimulants, depressants, and hallucinogens. This list creates the same problem that existed in the Armed Career Criminal Act, and led to the United States Supreme Court determining that, in *Johnson*, vague language combined with a non-inclusive list makes a statute unconstitutionally void for vagueness.

The Government's response brief simply states that the vague term "substantially similar," and the list of drug or drug effects, stimulant, depressant, or hallucinogen, are not vague. The Government states that this does not cause a "black hole of confusion and uncertainty" that was found in *Johnson*. *Johnson*, 135 S.Ct. at 2562. Defendants disagree with this baseless conclusion by the Government. Synthetic marijuana is a cannabinoid, which does not fall into any of those categories enumerated by the Analogue Act. This fact alone creates confusion and uncertainty. Was it by exclusion that synthetic marijuana was specifically left off the list, or does the Government believe that synthetic marijuana clumsily fits into one of those

three categories? Certainly the Tenth Circuit seems to agree more with Defendants that there is an issue with the possible vagueness of the Analogue Act post-*Johnson*, and it needs to be fully explored. After examining this issue fully, the Court may properly find that Analogue Act is in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution because it is unconstitutionally vague for the reasons set out in Defendants' Motion, ones that are different from those addressed in *McFadden* and in other vagueness challenges to the Analogue Act.  *McFadden* left open other vagueness challenges, and *Makkar* acknowledges that such challenges may be viable.  Defendants assert that they are.

Further, the Government attempts to make the argument that the *McFadden* decision narrowly construes the Analogue Act by reeling in the applicable scienter standard. Defendants disagree with the Government's assertion as a whole, but also point out that it does not apply in this indictment. Specially, the heightened scienter requirement established by *McFadden* has not been pleaded properly in this indictment. The Government cannot seek asylum under the narrow construction of the Analogue Act by *McFadden*, which also not meeting the proper pleading requirements to satisfy *McFadden*.

WHEREFORE, Defendants requests this Court dismiss Count I of the Indictment in this matter because the charging statute is unconstitutionally vague in violation of the Fifth Amendment to the United States Constitution.

Dated: December 3, 2015

Respectfully submitted,

THE LAW OFFICE OF JASON A. KORNER

By: /s/ Jason A. Korner
Jason A. Korner #58495MO
7911 Forsyth Blvd. Suite 300
Clayton, Missouri 63105
Telephone: (314) 409-2659
Fax: (314) 863-5335
Email: jasonkorner@kornerlaw.com

*Attorney for Defendant Samuel Leinicke*

BOROWIAK LAW FIRM

By: /s/Zachary Borowiak (with permission)
Zachary J. Borowiak #58855MO
225 South Meramec, Suite 301
St. Louis, Missouri 63105
Telephone: (314) 537-2351
Fax: (314) 269-1042
Email: borowiaklaw@gmail.com

*Attorney for Defendant Robert Wolfe*

THE LAW OFFICES OF SHELBY M. COWLEY

By: /s/ Shelby M. Cowley (with permission)
Shelby M. Cowley #62819MO
1717 Park Avenue
St. Louis, MO 63104
Telephone: (314) 721-1024
Fax: (314) 446-4700
Email: shelby@cowleylaw.net

*Attorney for Defendant Mark Palmer*

THE MUTRUX LAW FIRM

By: /s/ Tyson Mutrux (with permission)
Tyson Mutrux
1717 Park Avenue
St. Louis, MO 63104
Telephone: (314) 270-2273
Fax: (314) 884-4333
Email: tyson@mtruxlaw.com

*Attorney for Defendant Mark Palmer*

LUCCO, BROWN, THRELKELD & DAWSON

By: /s/ J. William Lucco (with permission)
J. William Lucco #1701835IL
Christopher P. Threlkeld #6271483IL
224 St. Louis Street
Edwardsville, Illinois 62025
Telephone: (618) 656-2321
Fax: (618) 656-2363
Email: blucco@lbtdlaw.com
cthrelkeld@lbtdlaw.com

*Attorneys for Defendant Charles Wolfe*

DOWD BENNETT LLP

By: /s/James Crowe, III (with permission)
James E. Crowe, III #50031MO
7733 Forsyth Boulevard, Suite 1900
Clayton, Missouri 63105
Telephone: (314) 889-7300
Fax: (314) 863-2111
Email: jcrowe@dowdbennett.com

*Attorney for Defendant Joseph Gabrick*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 3rd day of December, 2015, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, and service upon all participants in the case who are CM/ECF users will be accomplished by operation of that system.

/s/ Jason A. Korner