UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK PALMER, et. al., | ) | No. 4:14CR00175 AGF (DDN) |
| | ) | |
| and | ) | |
| | ) | |
| GREG SLOAN, et al., | ) | No. 4:14CR00152 RWS (NCC) |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS'
MOTION TO SUPPRESS EVIDENCE**

Comes now the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and James C. Delworth, Jennifer A. Winfield and Erin O. Granger, Assistant United States Attorneys for said District, and files its Response to Defendants' Motion to Suppress Evidence.

## I.  INTRODUCTION

Defendants move to suppress evidence seized following the execution of 24 search warrants on the grounds that the affidavits lacked probable cause.   Defendants file this motion in conjunction with a motion for a Franks hearing contending that once the challenged material is removed following a Franks hearing, the affidavits do not contain sufficient probably cause to support issuance of the search warrants.

As addressed in the corollary response to the motion for a Franks hearing, the defendants fail to make the requisite showing necessary for a Franks hearing.   Regardless, the challenged material only relates to background information regarding the controlled substance analogues.

Defendants do not challenge any of the investigative facts set out in the affidavits.  Even if the challenged sections are deleted from the affidavits, the investigative facts amply justify a search for evidence of violations of conspiracy to distribute and possess with the intent to distribute controlled substances and controlled substance analogues in violation of Title 21, United States Code, Sections 813, 841(a)(1) and 846 and money laundering in violation of Title 18, United States Code, Section 1956.

## II.   LEGAL ANALYSIS

Defendants argue the evidence seized from the execution of 24 search warrants during the course of the investigation should be suppressed on the grounds that the search warrants lacked probable cause.  This argument is belied by the affidavits themselves which contain more than sufficient probable cause to support the issuance of the search warrants.

<u>Probable Cause</u>

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. Amend. IV.  The issue before the court when reviewing the legal sufficiency of the basis for the issuance of a search warrant is whether the issuing judge had a substantial basis for concluding that probable cause existed.  *United States v. White,* 356 F.3d 865, 869 (8th Cir. 2004); *United States v. Terry*, 305 F.3d 818, 823 (8th Cir. 2002).

The determination of probable cause is made by a "totality of the circumstances" review. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).   In the context of a search, probable cause is defined as a "fair probability that contraband or evidence of a crime will be found in a particular place." *Id.*   It is "a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules."   *Id.* at 232.   The reviewing

2

magistrate is to consider the facts in a practical common sense manner.  The evidence must provide the magistrate with a "substantial basis" for his findings.  *Id.,* 238-39.

In this case, the affidavits provided more than sufficient probable cause.  Defendants' initial contention that portions of the affidavits must be excised due to <u>Franks</u> is unfounded.   As addressed in the corollary response in opposition to the motion for a <u>Franks</u> hearing, defendants have not demonstrated that any portion of the affidavits contains a deliberately or recklessly false statement.   The challenged portions are within sections discussing controlled substance analogues and the basis for which one or two of the chemicals could be considered controlled substance analogues.   These portions merely provide background information for the Court and do not contain any investigative facts.   Thus, even if the challenged portions are excised from the affidavits, this does not at all impact the investigative facts giving rise to probable cause.

Defendants assert that if the Court does not have the basis for why one or two chemicals can qualify as controlled substance analogues, then the affidavit is somehow deficient, a conclusion not supported by the facts or the totality of the affidavits.   The investigation in this case as set forth in the affidavits encompassed distribution of controlled substances such as JWH-018, XLR11, AM2201 and other scheduled synthetic drugs that were distributed by the subjects.   The affidavits further detail how drug traffickers will modify the chemical structure in order to try to avoid distributing scheduled substances but seek substantially similar chemical substances with substantially similar pharmacological effect to achieve a "high."   These chemicals fall within the definition of controlled substance analogues, Title 21, United States Code, Section 802(32)(A), set out in the affidavits, and if intended for human consumption are to be treated as Scheduled I controlled substances, Title 21, United States Code, Section 813.

Defendants additionally try to pull out segments from the affidavits to argue that they fail to specify any criminal misconduct committed by the parties.   These arguments misinterpret the plain meaning of the text and fail to examine the segments within the full context of the affidavit. A full accounting of all of the segments is unnecessary as the following examples of segments referenced by the defendants demonstrate this point: 1) The border seizures of packages in Anchorage, Alaska and Chicago, Illinois which defendants categorize as "mere interactions between businesses and mere individuals." (Pages 8, 10 and 15 of Defendants' Motion to Suppress):   The Anchorage package contained AKB48, a scheduled synthetic cannabinoid, and the package was addressed to Paggregate LLC, a company owned by defendant Mark Palmer. The Chicago package contained XLR-11, a scheduled synthetic cannabinoid, and the package was addressed to defendant Tony Palmer; 2) The September 17, 2013 traffic stop of John Galvin which defendants categorize as revealing only that he was a delivery driver of "aroma products." (Pages 10 and 13 of Defendants' Motion to Suppress,): Co-defendant Galvin, who was stopped with over 150 synthetic drug packages, informed the Missouri State Highway Patrol Officer that he had delivered 800 packages of "aroma products" (synthetic drugs) to a store in Springfield, Missouri on behalf of defendant Chuck Wolfe; 3) The information from Henry Wilson and other members of his family which defendant claims is not relevant as it does not mention any of the defendants by name.   (Pages 10 and 13 of Defendants' Motion to Suppress): This corroborated information regarding the manufacturing of synthetic drugs at a location consistent with the area of 4738 Orchard Drive, Barnhart, Missouri; 4) The trash runs conducted at various locations which defendants state have no nexus to criminal violations once the Franks motion statements are removed from the affidavits. (Pages 8, 11, 13 and 17 of Defendants' Motion to Suppress): As detailed in the affidavits, the trash runs resulted in the seizure of documentation including

invoices, price lists and shipping labels for synthetic drugs as well as packaging and chemicals utilized in the manufacture of synthetic drugs; and 5) The call placed by a CI to Cindy McRoberts placing an order for a sample package of synthetic cannabinoids which defendants claim fails to mention her location, employer or affiliation with any defendants.   (Page 12 and 15 of Defendant's Motion to Suppress):   The sample package containing synthetic drugs ordered from McRoberts came in a Fed Ex envelope originating from Paggregate, a company formed by defendant Mark Palmer to distribute synthetic drugs.

<u>Good Faith Exception</u>

The affidavits in this case contain an overwhelming amount of information to support probable cause findings for the issuance of the search warrants.  However, even if the Court determines that the search warrants lacked probable cause, the investigating agents acted in good faith relying on the search warrants.  In *United States v. Leon*, 468 U.S. 897, 922 (1984), the Supreme Court stated: "We conclude that the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion."  The Court permitted the admission of evidence from a subsequently invalidated search warrant because the officer relied in good faith on the search warrant.

In *Leon*, the Supreme Court strongly signaled that most searches conducted pursuant to a warrant would likely fall within the protection of the good faith exception.  *United States v. Clark*, 638 F.3d 89, 100 (2d Cir. 2011).  "[S]earches pursuant to a warrant will rarely require any deep inquiry into reasonableness," *Gates*, 462 U.S. at 267, for "a warrant issued by a magistrate normally suffices to establish" that a law enforcement officer has "acted in good faith in conducting the search." *United States v. Ross*, 456 U.S. 798, 823 n. 32 (1982).  *Id.* (quoting

5

*United States v. Leon*, 468 U.S. at 922).

In *United States v. Lindsey,* 284 F.3d 874, 878 (8th Cir. 2002), the Eight Circuit stated:

> The good faith exception will not apply if: (1) the judge issuing the warrant was misled by statements that the affiant knew were false or would have known were false except for "his reckless disregard of the truth;" (2) "the issuing magistrate wholly abandoned his [or her] judicial role;" (3) the affidavit is support of the warrant is "so lacking in indicia or probable cause as to render official belief in its existence entirely unreasonable;" or (4) the warrant is "so facially deficient... that the executing officers cannot reasonably presume it to be valid."

None of these issues exist in this case.   The investigating agents' reliance on the warrants was not objectively unreasonable because the supporting affidavits did not contain false or recklessly made statements.   Defendant challenges a portion of the affidavits on the basis that some of the information was misleading as the affiants did not have the requisite chemical and pharmacological backgrounds for the statements.   Although the government, as more fully addressed in its response in opposition to a <u>Franks</u> hearing does not accept this claim, even on its face it does not rise to the level of misleading the Court through false statements.   Magistrate Judges in several judicial districts reviewed one or more of the affidavits and none found them to be wanting of probable cause.   These Courts clearly did not abandon their judicial roles when issuing the warrants.   Moreover, the supporting affidavit did not lack in indicia or probable cause sufficient to make their reliance on the affidavit unreasonable. None of the search warrants in this case involved a "bare bones" affidavit of the sort disapproved in *Leon*.  *See United States v. McPherson*, 469 F.3d 518, 526 (6th Cir. 2006).   Lastly, the warrants were not facially deficient such that law enforcement officers could have presumed they were valid.   The good faith exception applies to the search warrant.

### III.    CONCLUSION

Based on the foregoing reasons, the Government respectfully requests that the Court deny

the Defendants' Motion to Suppress Evidence.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*s/ James C. Delworth*
JAMES C. DELWORTH, #29702MO
JENNIFER A. WINFIELD, #53350MO
ERIN O. GRANGER, #53593MO
Assistant United States Attorneys
111 South 10th Street, Room 20.333
St. Louis, MO 63102
(314) 539-2200

### CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2016, the foregoing was filed electronically with the Clerk
of the Court to be served by email to counsel of record.

*s/ James C. Delworth*
JAMES C. DELWORTH, #29702MO
Assistant United States Attorney