UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:14-CR-00175 AGF (DDN) |
| MARK PALMER *et. al*, | ) ) |
| Defendant. | ) |

**DEFENDANTS' JOINT SUPPLEMENTAL BRIEF TO DISMISS INDICTMENT AS UNCONSITUTIONALLY VOID FOR VAGUENESS**

COME NOW Defendants, by and through their respective undersigned counsel, and hereby provide this supplemental briefing to the Court as assistance to dismiss the Indictment in this matter because it is unconstitutionally void for vagueness. Defendants state as follows:

*Welch v. United States*

On April 18, 2016, the United States Supreme Court handed down the decision in *Welch v. United States*, 578 U.S. ___ (2016). The main issue before the Court was whether the Court's previous decision in *Johnson v. United States*, 576 U.S. ___ (2015), should be applied retroactively. Although the retroactive application of *Johnson* is not at issue here, the Court in *Welch* helped to clarify *Johnson*. Specifically, the Court again took aim at the confusion and vagueness inherent in applying a categorical approach in a statute by stating "[t]he vagueness of the residual clause rests in large part on its operation under the categorical approach. The categorical approach is the framework the Court has applied in deciding whether an offense qualifies as a violent felony." *Welch*, 578 U.S., at ___ (slip op., at 3).

Here, the categorical approach applies to the Analogue Act as well because it designates substances into three types: stimulants, depressants, and hallucinogens. As described in Defendants' Joint Motion to Dismiss Indictment As Unconstitutionally Void for Vagueness (Doc. 181), these categories are uncertain and non-inclusive. The most important aspect of *Welch* is the Court's general condemnation of the entire categorical approach and not simply its application to the residual clause of the Armed Career Criminal Act.

The Court in *Welch* continued to expose the risks and vagueness of a categorical approach by stating:

> "The residual clause failed not because it adopted a 'serious' potential risk' standard but because applying that standard under the categorical approach required courts to assess the hypothetical risk posed by an abstract version of the offense. In the *Johnson* Court's view, the 'indeterminacy of the wide-ranging inquiry' made the residual clause more unpredictable and arbitrary in its application than the Constitution allows."

*Welch*, 578 U.S., at ___ (slip op., at 4).

The *Welch* Court makes it clear the residual clause was the victim of the categorical approach. The problems with the Armed Career Criminal Act went beyond the residual clause. Instead, the problem was the entire categorical approach, not only the residual clause. *Welch* strengthens the Court's ruling in *Johnson* and provides additional support to Defendants' original arguments regarding vagueness.

## Categorical Confusion in the Federal Register

The categories of drug effects utilized by the Government for controlled substances and controlled substances analogues are inherently vague. This vagueness is

further demonstrated by the March 22, 2016 Federal Register Proposed Rules where it states "[i]n the NPRM, the DEA inadvertently proposed the addition of these substances in the schedule I under 21 CFR 1308.11(g), *cannabimimetic agents*, by adding paragraphs (g)(16) through (18). These substances should have been proposed to be added in schedule I under 21 CR 1308.11(d), *hallucinogenic substances*." Federal Register, Vol. 81, No 55, Pg. 15190 (March 22, 2016). (Emphasis added.) The substances referred to as "these substances" are UR-144, XLR-11, and AKB48. These proposed rules and this correction have been made pursuant actions taken by the Drug Enforcement Administration and the Department of Justice.

The Government tries to make the argument that the effects of these substances clearly fall within one of the drug categories in the Analogue Act. The Analogue Act only contains three such drug types: stimulants, depressants, and hallucinogens. UR-144, XLR-11, and AKB48 were all originally scheduled as cannabimimetic agents, which is a drug category that does not exist in the Analogue Act. Those substances were then reclassified as hallucinogenic substances.

If the DEA does not have the ability to properly classify drugs, then how are citizens supposed to know which substances may or may not fall under the Analogue Act. Even if a person does not know how substantially similar a substance's chemical structure is to a scheduled drug, the Government's theory is that the same person would know if a substance had a similar effect as a scheduled drug. The Government's need to reclassify these substances illustrates why the Analogue Act creates an unpredictable, moving target. The vagueness of the Analogue Act is inherent in the same categorical

approach as the Armed Career Criminal Act, especially when the Government itself is unable to properly assign substances into the proper categories.

WHEREFORE, Defendants continue to urge this Court to dismiss Count I of the Indictment in this matter because the charging statute is unconstitutionally vague in violation of the Fifth Amendment to the United States Constitution.

Dated: June 3, 2016

Respectfully submitted,

| THE LAW OFFICE OF JASON A. KORNER | BOROWIAK LAW FIRM |
|---|---|
| By: /s/  Jason A. Korner<br>Jason A. Korner  #58495MO<br>7911 Forsyth Blvd. Suite 300<br>Clayton, Missouri 63105<br>Telephone: (314) 409-2659<br>Fax: (314) 863-5335<br>Email: jasonkorner@kornerlaw.com | By:  /s/Zachary Borowiak (with permission)<br>Zachary J. Borowiak  #58855MO<br>225 South Meramec, Suite 301<br>St. Louis, Missouri 63105<br>Telephone: (314) 537-2351<br>Fax: (314) 269-1042<br>Email: borowiaklaw@gmail.com |
| *Attorney for Defendant Samuel Leinicke* | *Attorney for Defendant Robert Wolfe* |
| THE LAW OFFICES OF SHELBY M. COWLEY | THE MUTRUX LAW FIRM |
| By: /s/ Shelby M. Cowley (with permission)<br>Shelby M. Cowley  #62819MO<br>1717 Park Avenue<br>St. Louis, MO 63104<br>Telephone: (314) 721-1024<br>Fax: (314) 446-4700<br>Email: shelby@cowleylaw.net | By: /s/  Tyson Mutrux (with permission)<br>Tyson Mutrux<br>1717 Park Avenue<br>St. Louis, MO 63104<br>Telephone:  (314) 270-2273<br>Fax: (314) 884-4333<br>Email:  tyson@mtruxlaw.com |
| *Attorney for Defendant Mark Palmer* | *Attorney for Defendant Mark Palmer* |

LUCCO, BROWN, THRELKELD & DAWSON

By: <u>/s/  J. William Lucco (with permission)</u>
J. William Lucco  #1701835IL
Christopher P. Threlkeld   #6271483IL
224 St. Louis Street
Edwardsville, Illinois 62025
Telephone:  (618) 656-2321
Fax: (618) 656-2363
Email:  blucco@lbtdlaw.com
cthrelkeld@lbtdlaw.com

*Attorneys for Defendant Charles Wolfe*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 3rd day of June, 2016, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, and service upon all participants in the case who are CM/ECF users will be accomplished by operation of that system.

/s/  Jason A. Korner