IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:14-CR-00175 AGF (DDN) |
| vs. | ) |
| | ) |
| MARK PALMER et. al, | ) |
| | ) |
| Defendants. | |

**<u>DEFENDANTS' JOINT SUPPLEMENTAL BRIEF TO DISMISS
COUNT I OF THE INDICTMENT</u>**

COMES NOW DEFENDANTS, by and through their respective undersigned counsel, and for their Supplemental Memorandum in support of their Joint Motion to Dismiss Count I of the Indictment, state as follows:

**I.     BACKGROUND**

Defendants herein filed a Joint Motion to Dismiss Count I of the Indictment on October 8, 2015.  *See* Doc. 185.  This Motion was based largely on the June 2015 decision in *McFadden v. United States of America*, ___ U.S. ___, 135 S.Ct. 2298, 192 L.Ed.2d 260 (2015). The Government filed a Response to Defendants' Motion to Dismiss on November 16, 2015. *See* Doc. 192.  The Defendants filed a Reply to the Government's Response on December 3, 2015.  *See* Doc. 199.  On May 27, 2016, Defendants were granted leave to file a Supplemental Memorandum briefing the Court on recent developments related to *McFadden*.  The instant brief is prepared with reference to those developments as they further support Defendants' previously filed Motion to Dismiss.

## II.   ARGUMENT

### A.   United States v. Martinez / Elonis v. United States

In *United States v. Martinez*, 800 F. 3d 1293, 1295 (11th Cir. 2015), the Defendant was charged with making threats in violation of 21 U.S.C. § 875(c). The indictment in *Martinez* tracked the statute's language and further added that the defendant acted "knowingly" in making said threats *Id*. Martinez moved to dismiss the indictment alleging that the indictment failed to sufficiently allege an essential element of the offense. *Id*. The indictment alleged that Martinez had knowingly conveyed a threat, but failed to allege that Martinez had subjectively intended to convey a threat to injure others. *Id*. The district court denied Martinez's motion and Martinez appealed the decision. *Id*.

During the pendency of Martinez's appeal, the United States Supreme Court rendered its decision in *Elonis v. United States*, 575 US ____, (2015). In *Elonis*, the Court held that the *mens rea* requirement under § 875(c) is that the Defendant subjectively thinks and intends what is communicated to be a threat and that subjective intent is a required element of a crime charged under § 875(c). *Id*. The Court found that an objective standard would risk punishing an innocent actor because the crucial element that makes the behavior criminal is the threat. *Id*.

After the decision in *Elonis*, the *Martinez* Court held that the indictment at issue failed to allege an essential element in that it did not allege that *Martinez* had the required subjective intent. *Martinez* at 1295. Accordingly, the Court in *Martinez* remanded the case with instructions to dismiss the indictment. *Id*.

Although the statutes at issue in *Martinez* and *Elonis* are different from those at issue in the current case, there is no real difference in facts or rationale in this case. *McFadden* requires

1

the Government to prove that the defendant had knowledge he was dealing in some controlled substance, either scheduled or treated as such by operation of the Analogue Act. ___ U.S. ___, 135 S.Ct. 2298, 192 L.Ed.2d 260 (2015). The Supreme Court construed the statute's language to require a specific type of intent, facts establishing that intent must be alleged in the indictment.

Here, the Indictment only alleges that the "Schedule I controlled substance analogues were intended for human consumption" which fails to meet the knowledge requirement of 21 U.S.C. § 841(a)(1) or *McFadden*. Further, the Indictment contains no finding that the Grand Jury came to a conclusion that the Defendants possessed knowledge that they were dealing in controlled substance. No specific intent is alleged in the indictment that can meet the requirements set forth in *McFadden* or the cases that directly follow. Accordingly, this Court should find that the Indictment is insufficient in that it does not meet the requirements set forth in *McFadden* and should therefore be dismissed.

      B.    **United States v. Makkar**

On November 23, 2015, the Tenth Circuit Court of Appeals decided *United States v. Makkar*, 810 F.3d1139, 1142 (10th Cir. 2015). In *Makkar*, the Court reiterated the *McFadden* requirements:

> to establish a violation of the Analogue Act the Government must prove the drug in question bears two features: (1) it must be substantially similar in chemical structure to a schedule I or II CSA controlled substance, and (2) it must have, or be represented or intended to have, an effect on the central nervous system that is substantially similar to that of a schedule I or II CSA controlled substance.

*Id.* at 2305. See also *McFadden v. United States,* ___ U.S. ___, 135 S.Ct. 2298, 192 L.Ed.2d 260 (2015).

The *Makkar* court added, "When it comes to mens rea...the government must show that the defendant *knew* the drug he possessed either (1) had *both* of these features, or (2) was controlled by the CSA or Analogue Act." *Id.* at 1143.

But in Makkar, as compared to McFadden, the court faced "a much more prosaic problem:"

> At trial, the government didn't attempt to show that Mr. Makkar or Mr. Sehgal knew the incense they sold was unlawful under the CSA or Analogue Act — the second method of proving mens rea *McFadden* prescribed. Instead, the government attempted to show mens rea only in the first manner *McFadden,* discussed — by showing that the defendants knew that the incense they sold had (1) a substantially similar chemical structure to JWH-18 (a synthetic cannabinoid with marijuana-like effects listed as a CSA controlled substance) and (2) a substantially similar effect to that of marijuana (another CSA listed substance)...The difficulty is that, after choosing to proceed this way, the government sought to shrug off the first of the mens rea requirements... In fact,...at trial the government introduced no evidence suggesting that the defendants knew anything about the chemical structure of the incense they sold. And as a way around this shortcoming the government sought — and the district court agreed to issue — an instruction permitting the jury to infer that the defendants knew the incense they sold had a substantially similar chemical structure to JWH-18 from the fact they knew the incense had a substantially similar effect to marijuana. Coming at the point another way, the government asked for and won the right to collapse its two separate elemental mens rea burdens into one. Under the inferential instruction it secured, the government was able to argue to the jury that it should find the first mens rea element satisfied beyond a reasonable doubt merely (and without more) because it found the second satisfied beyond a reasonable doubt.

*Makkar*, 810 F. 3d at 1143.

In *Makkar,* the district court "made trial easier for the government" when it allowed the government to "collapse its two separate elemental mens rea burdens into one." 810 F.3d at 1143. However, in "undo[ing] the judgment" the *Makkar* court recognized "a district court [may never] issue instructions that effectively relieve the government of proving each essential element specified by Congress." *Id.* at 1143 - 44 (citing *United States v. Gaudin,* 515 U.S. 506, 511 (1995).

3

*Makkar* reiterates the emphasis on the knowledge requirements set out in *McFadden*. But here, the Indictment gives no indication that such knowledge on the part of Defendants was found by the Grand Jury in any of the ways that *McFadden* or *Makkar* require. The Indictment does not even contain allegations by the Grand Jury that substances alleged to have been distributed by defendants were known to any Defendant to: (1) be either controlled substances or controlled substance analogues; (2) meet specific features of the substance that make it a controlled substance analogue; and (3) not substances whose identity was known to defendants at the time the conspiracy distributed them. Dismissal of this Indictment is therefore warranted.

### III. CONCLUSION

The cases decided since *McFadden* continue to support the Defendants' Motion to Dismiss the Indictment herein. When examined in light of McFadden, the Indictment fails as it does not plead each essential element.  The conclusion is further supported in light of the subsequent decisions of *Martinez*, *Elonis* and *Makkar*.

WHEREFORE, for the foregoing reasons, Defendants jointly request that the Court grant their Motion to Dismiss and for any further relief deemed necessary and just.

Respectfully Submitted,

| | |
|---|---|
| BOROWIAK LAW FIRM | LUCCO, BROWN, THRELKELD & DAWSON |
| By:   /s/ Zachary J. Borowiak (with permission)<br>Zachary J. Borowiak  #58855MO<br>225 South Meramec, Suite 1100<br>St. Louis, Missouri 63105<br>Telephone: (314) 537-2351<br>Fax: (314) 269-1042<br>Email: borowiaklaw@gmail.com | By:    /s/ J. William Lucco (with permission)<br>J. William Lucco  #1701835IL<br>Christopher P. Threlkeld   #6271483IL<br>224 St. Louis Street<br>Edwardsville, Illinois 62025<br>Telephone: (618) 656-2321<br>Fax: (618) 656-2363<br>Email: blucco@lbtdlaw.com<br>          cthrelkeld@lbtdlaw.com |

*Attorney for Defendant Robert Wolfe*    *Attorneys for Defendant Charles Wolfe*

THE LAW OFFICE OF JASON A. KORNER    LAW OFFICES OF SHELBY M. COWLEY

By: /s/ Jason A. Korner (with permission)    By: /s/ Shelby M. Cowley (with permission)
    Jason A. Korner  #58495MO
    7911 Forsyth Blvd. Suite 300
    Clayton, Missouri 63105
    Telephone: (314) 409-2659
    Fax: (314) 863-5335
    Email: jasonkorner@kornerlaw.com

    Shelby M. Cowley  #62819MO
    1717 Park Avenue
    St. Louis, MO 63104
    Telephone: (314) 721-1024
    Fax: (314) 446-4700
    Email: cowley_shelby@yahoo.com

*Attorney for Defendant Samuel Leinicke*

*Attorney for Defendant Mark Palmer*

THE MUTRUX LAW FIRM

By: /s/ R. Tyson Mutrux
    R. Tyson Mutrux  #63117MO
    1717 Park Avenue
    St. Louis, Missouri 63104
    Telephone: (314) 270-2273
    Fax: (314) 884-4333
    Email: tyson@mtruxlaw.com

*Attorney for Defendant Mark Palmer*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 3rd day of June, 2016, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, and service upon all participants in the case who are CM/ECF users will be accomplished by operation of that system.

                    */s/ R. Tyson Mutrux*