UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-CR-00175 AGF (DDN) |
| | ) |
| MARK PALMER *et. al*, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANTS' JOINT OBJECTIONS TO ORDER AND RECOMMENDATION
ON MOTIONS TO DISMISS AND FOR BILL OF PARTICULARS**

COME NOW Defendants Mark Palmer, Samuel Leinicke, Charles Wolfe and Robert Wolfe, by and through their respective undersigned counsel, and respectfully object to the Order and Recommendation on Motions to Dismiss and for Bill of Particulars (Doc. # 271), and in support thereof states as follows:

1. On July 19, 2016 the Magistrate Court entered its Order and Recommendation concerning the following Motions:

   a) Defendants' Joint Motion to Dismiss Count I of the Indictment [Doc# 185];

   b) Defendants' Joint Motion to Dismiss Indictment as Unconstitutionally Void for Vagueness [Doc #181];

   c) Defendants' Joint Motion to Dismiss Count I of the Indictment on Grounds that the Indictment Fails to State an Offense and that 21 U.S.C. § 813 and 21 U.S.C. 802(32)(A) are Unconstitutionally Vague as Applied to Defendants or, in the alternative, to Strike Certain Substances from the Indictment [Doc #182]; and

   d) Defendants' Joint Motion for Bill of Particulars [Doc #184]

Defendants' objections to the Magistrate Court's Order and Recommendation are contained subsequently herein, and Defendants specifically object as follows:.

A.     **DEFENDANTS' OBJECTIONS TO DENIAL OF MOTION TO DISMISS RELATED TO *MCFADDEN V. UNITED STATES*.**

Defendants filed their Joint Motion to Dismiss Count I of the Indictment With Memorandum in Support (Doc #185), to which the government filed a response (Doc #192) and defendants filed a reply (Doc #199).  The Order and Recommendation (Order) addresses and denies those particular arguments on pages 1 through 7.  Defendants now reincorporate their arguments previously stated in their Joint Motion to Dismiss Count I and subsequent reply to the government's response.

The Order denies Defendants' motion on the ground that "*McFadden* does not support defendant's position, because it did not involve a conspiracy charge, but rather a charge of actual trafficking."  The Court in *McFadden* does not speak in narrow terms and does not put any emphasis on whether the charge is conspiracy or trafficking.  Rather, *McFadden* simply added the extra element explicitly requiring the government to show the defendants knew the products they were allegedly possessing and selling were controlled substances, or knew that they were analogous to other scheduled controlled substances. *McFadden* amplifies the requirement in prosecutions under the CSA that involve analogues. "[Title 21, United States Code] § 841(a)(1), […] expressly requires the Government to prove that a defendant knew he was dealing with 'a controlled substance.'" *McFadden v. United States*, 135 S. Ct. 2298, 2302 (2015).

Here, the indictment falls short of  making that connection and the Order does not address the extra element *McFadden* requires. The indictment in this case simply ignores the requirement and fails to make a connection as to whether or not defendants had the required requisite knowledge pursuant to *McFadden*. The indictment lists specific substances the

government claims to be analogues and controlled substances (though the Indictment fails to delineate their specific classification). (Doc #2, paragraph B6) The indictment fails to allege that the defendants had knowledge as to whether or not by their very nature the substances were scheduled or analogous substances, which is required by *McFadden*. The only way that the government could satisfy the *McFadden* requirement was to allege that the defendants conspired to sell the products knowing they were controlled substances, or knowing that they were analogous to other scheduled controlled substances.  Here, the indictment is obviously deficient in meeting *McFadden*'s knowledge requirement.

In the case at hand, it is important to note that the Indictment does not even contain allegations by the Grand Jury that the substances alleged to have been distributed were known to any Defendant to (1) be either controlled substances or controlled substance analogues: (2) meet specific features of the substance that make it a controlled substance analogue; and not even (3) substances whose identity was known to defendants at the time the alleged conspiracy distributed them.  If the Indictment is reflection at its very base an expression of the Grand Jury's findings, then there is no proof that *McFadden*'s knowledge requirement was established.  One cannot presume the conclusions of the Grand Jury, but rather one is led by the allegations in the Indictment, and due to the fact that knowledge, an essential element, is missing, Count I of the Indictment must be dismissed.

The Order and Recommendation draws a very loose inference from the charging document that defendants actually knew that the products they were allegedly possessing and distributing were controlled substances or were controlled substance analogous. The Order simply states that the factual description of the alleged illegal activity along with the recitation of

21 U.S.C. §841 is sufficient on its face. However, "[w]hen a criminal statute introduces the elements of a crime with the word 'knowingly,' we apply that word to each element of the crime unless special context or background calls for a different reading. *United States v. Tang (Janny) Nguyen*, 758 F.3d 1024, 1027-28 (8th Cir. 2014) (citing *United States v. Bruguier*, 735 F.3d 754, 758 (8th Cir.2013)(en banc)). *McFadden* requires the government to allege and prove that the defendants knew the substances at issue are in fact controlled substances. The Indictment fails for its failure to make such an allegation.

Allowing one to draw an inference where the Indictment fails to allege the specific knowledge requirement as set forth in *McFadden* is a dangerous precedent. Allowing an indictment to stand where the knowledge requirement is clearly lacking ignores the knowledge requirement set forth in the *McFadden* decision. Accordingly, the Order errs in finding that the Indictment is legally sufficient.

      B.    **DEFENDANTS' OBJECTIONS TO DENIAL OF MOTION TO DISMISS RELATED TO *JOHNSON V. UNITED STATES* (DOC. # 181)**

Defendants filed Defendants' Joint Motion to Dismiss Indictment as Unconstitutionally Void for Vagueness (Doc #181), the government filed a response to the motion (Doc #192) addressing the arguments at pages 4 through 11 and the defendants filed a reply (Doc #200). The Order and Recommendation (Order) addresses and denies those particular arguments on pages 7 through 15. Defendants now reincorporate their arguments previously stated in their Joint Motion to Dismiss Count I as Unconstitutionally Void for Vagueness and subsequent reply to the government's response.

The statute applicable to the instant indictment is vague due to the recent holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the United States Supreme Court held the reserve clause of the Armed Career Criminal Act to be unconstitutionally vague. The *Johnson* Court held the ACCA statute was unconstitutionally vague because of a categorical approach to the reserve clause of the statute. The incomplete categories provided for guidance instead created inconsistent rulings and arbitrary enforcement. This resulted in ordinary people not knowing what conduct fell within the ACCA and what conduct did not, which rendered the ACCA unconstitutionally vague. In writing for the majority, Justice Scalia stated, "[i]n all events, although statements in some of our opinions could be read to suggest otherwise, our *holdings* squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *United States v. Johnson*, 135 S.Ct. 2551 (2015).

There are three definitions for the term "controlled substance analogue" in 21 U.S.C. § 802(32)(A):

> (i)  the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;
>
> (ii)  which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or
>
> (iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

The first of these definitions requires people to not only be familiar with the chemical structure of a substance, but to also compare that chemical structure with the chemical structure of scheduled substances. This is well outside the capabilities of a person of common intelligence. Defense counsel will admit that he was able to graduate high school, college, and law school, without ever taking a single chemistry class. Knowledge about chemistry and chemical structures is simply not a topic many highly educated people have any clue about, let alone a person of common intelligence.

The definitions in 21 U.S.C. § 802(32)(A)(ii) and 21 U.S.C. § 802(32)(A)(iii) both apply the categorical approach that has drawn the ire of the United States Supreme Court in *Johnson v. United States*, *supra*. Both (ii) and (iii) outline drug categories: stimulants, depressants, and hallucinogens. Unfortunately, similar to *Johnson*, these categories create the ambiguity and vagueness that renders this statute unconstitutional. As detailed in Defendants' Joint Motion to Dismiss Indictment as Unconstitutionally Void for Vagueness (Doc. 181), there are seven drug categories. These seven drug categories do not fold conveniently into the three categories laid out in the statute. For example, use of cannabis would not result in a stimulant, depressant, or hallucinogenic effect for the user. The effect would fall outside the three categories detailed in the statute. Statutory construction would then lead to the conclusion that if the other four drug categories were excluded, then they were excluded intentionally by Congress, which would mean that drugs resulting in effects similar to scheduled drugs in four of the seven drug categories would not be controlled substance analogues under the Analogue Act.

In *United States v. Washam*, the Eighth Circuit stated "[a] penal statute is void if it does not sufficiently define a criminal offense so that ordinary people can understand what conduct is prohibited This inquiry looks at what a person of 'common intelligence' would 'reasonably' understand the statute to proscribe, not what the particular defendant understood the statute to mean" 312 F.3d 926, 929-30 (8th Cir. 2002).

The Order and Recommendation on Motions to Dismiss and For Bill of Particulars (Doc. 271) did not address Defendants' above argument regarding the categorical approach employed by the Analogue Act. This issue must be addressed because this incomplete categorical approach to drug categories injects the Analogue Act with vagueness in the same way the categorical approach injected the ACCA with vagueness.

It is important to first note the Defendants are challenging the constitutionality of the Analogue Act as a whole because it should be found void for vagueness under the same reasoning applied in *Johnson*. The instant indictment fails because the charging statute is unconstitutionally vague. The Analogue Act is unconstitutionally void for vagueness because it employs the same manner of incomplete and confusing categorical approach as the ACCA. It took years of misapplication of the vague ACCA before it was held unconstitutional; it should not take nearly as long for the similar situated Analogue Act to meet the same fate.

### C. DEFENDANTS' OBJECTIONS TO DENIAL OF MOTION TO DISMISS COUNT I AS UNCONSTITUTIONALLY VAGUE AS APPLIED, OR ALTERNATIVELY TO STRIKE CERTAIN SUBSTANCES FROM THE INDICTMENT

Defendants filed a Motion to Dismiss (Doc #182), the Government filed a response to the motion (Doc #192) addressing the arguments at pages 11 through 19 and the Defendants

filed a reply (Doc #197). The Order and Recommendation (Order) addresses and denies those particular arguments on pages 14 and 15, and for ease of reference the relevant parts of the order are inserted below:

> "Defendants also argue (ECF No. 182) that the Analog Act, 21 U.S.C. §§ 802(32) and 813, is unable to be considered separately from 21 U.S.C. § 812(C)(Schedule 1)(d)(2)(A), which defines the term "cannabimimetic agents" as "any substance that is a cannabinoid receptor type 1 (CB1 receptor) agonist as demonstrated by binding studies and functional assays within any of the following structural classes: [describing five structural classes]," including 15 chemically described substances. 21 U.S.C.A. § 812(c)(Schedule 1)(d)(2)(A), Pub. L. 112-144 Title XI, § 1152, 126 Stat. 1130 (the Synthetic Drug Abuse Prevention Act) (eff. July 9, 2012).
>
> Defendants argue that four of the analogues, alleged in the indictment's paragraph B6, are specifically listed among the 15 chemically describes substances of §§812(c)(Schedule one)(d)(2)(A), Defendants argue that, being specifically statutorily listed, they should be analyzed as sharing the same specific structural class as a cannabimimetic agent and they ought not to be charged in the indictment under the broader definition of controlled substance analogues ("substantially similar" in chemical structure, see § 802(32)(A)). For this reason, defendants want Count 1 dismissed or at least the four subjects substances, APINACA, XLR-11, 5F-PB-22, and UR-144, stricken from the indictment. (ECF No. 182 at 5.)
>
> The undersigned is persuaded by the government's argument that the purposes of 21 U.S.C.A § 812(c)(Schedule 1)(d)(2)(A) differ from and do not contradict § 802(32)(A). Merely because the alleged analogues do not share a specific "structural class" for one purpose does not mean they do not have a "substantially similar" chemical structure of a controlled substance. (ECF No. 266.)"

The Magistrate Court misapprehended that Defendants argue that the Analog Act cannot be considered separately from the definition of the cannabimimetic agents definition found at 21 U.S.C. 812(c)(d)(2)(A). This generalization is not a fair interpretation of the Defendants' argument. The Defendants' argument is more discrete. It is that prosecution does

not lie under the Analog Act as to any substance alleged to be a controlled substance analog of one of the fifteen cannabimimetic agents listed under 21 U.S.C. 812(c)(d)(2)(B)(i)-(xv). Rather than challenging the facial validity of the statues as the Order seems to imply, the Defendants have made an "as applied" challenge.

The Magistrate Court also misapprehended that the Defendants argue that four of the analogs are specifically listed among the fifteen compounds listed in the cannabimimetic agent statute. This is wrong. The Defendants have made no such argument and indeed the four compounds discussed are NOT listed in the table. Rather, the Defendants have argued that the four substances are alleged to be analogues of one of the fifteen cannabimimetic agents.

Based upon these misapprehensions, the Magistrate Court denied the Defendants' Motion. The Magistrate Court then compounded the mistakes by claiming that if "the alleged analogues do not share a specific "structural class" for one purpose does not mean they do not have a "substantially similar" chemical structure of a controlled substance." No citation is given for this proposition, which may or may not be correct as a general proposition. However, the defendants are arguing that when Congress defines specific structural classes of compounds as cannabimimetic agents then the government cannot prosecute those compounds under the more general Analogue Act when they are claiming that the compounds are analogues of a compound that meets one of the structural classes of cannabimimetic agents and is squarely within the definition of a cannabimimetic agent. The ruling made within the Order does not address the Defendants' arguments.

The Defendants filed a Motion (Doc. #182) and a Reply (Doc. # 197) which more fully discuss the issues and arguments and they respectfully request leave to incorporate those documents in support of their Objections as though fully set forth within.

### D.     DEFENDANTS' OBJECTIONS TO DENIALS OF REQUESTS WITHIN MOTION FOR BILL OF PARTICULARS

Defendants filed a Joint Motion for a Bill of Particulars (Doc. # 184), the Government filed a response (Doc. # 192) to the motion in pages 19 through 21, the Defendants filed a Joint Reply to the Government's Response (Doc. # 198), and the Court's Order and Recommendation ("Order") addresses these arguments from pages 15 through 17 and granted Defendants' motion in part and denied it in parts. Defendants now reincorporate their arguments previously stated in their Joint Motion for a Bill of Particulars and subsequent reply to the government's response.

Count I of the Indictment alleges that Defendants conspired to distribute and possess with the intent to distribute controlled substances and controlled substance analogues intended for human consumption in violation of Title 21 U.S.C. 841(a)(1) and 813. It specifically alleges that certain substances were in fact scheduled and that the other substances are analogues. To determine whether or not a substance is an analogue, it must be examined pursuant to 21 U.S.C. § 802(32)(A), which requires a substance's chemical structure to be "substantially similar to the chemical structure of a controlled substance in schedule I or II."

The Indictment initially identified six substances as being used in the alleged conspiracy, but failed to provide an exhaustive list of substances by including the qualifier "including, but not limited to". The Indictment also failed to name any of the identified

substances as analogues, or even name what scheduled substance to which they may be analogous.

Defendants' Motion for Bill of Particulars [Doc. # 184] requested additional information necessary for the defense of the instant case and to avoid surprise at trial. The Court's Order granted Defendants' request for an exhaustive list of substances that may be used against Defendants at trial.[1] However the Court denied Defendants' Motion as it related to naming, via a Bill of Particulars, the identity of the scheduled controlled substance of which any identified substance may be analogous, and identifying which substance may be used against which defendant. With regards to the latter, Defendants' initial Motion for a Bill of Particulars also requested the range of dates as to which the identified substance(s) was/were allegedly distributed or possessed with intent to distribute." [Doc. # 184, ¶s 16(a)(3) to 16(f)(3) and ¶ 16(g)(4)]. The Order and Recommendation, however, does not expressly deny this request. Nevertheless, the instant objection assumes that said request was also denied.

Defendants particularly object to the Court's recommendation that Defendants are not entitled to a Bill of Particulars naming an identified substance's analogue. Defendants further object to the Magistrate Court's denial of Defendants' Motion for a Bill of Particulars to provide a range of dates as to which an identified substance was allegedly distributed or possessed with the intent to distribute.

A Bill of Particulars provides a defendant with essential details of the charges against him so that he is adequately "informed of the nature and cause of the accusation" under the

---

[1] On August 2, 2016 and August 3, 2016 the Government filed a Bill of Particulars [Doc #276] and Amended Bill of Particulars [Doc #267], respectfully, identifying 24 substances.

Sixth Amendment and can be prepared to meet the charges and avoid surprise. *Russell v. United States*, 369 U.S. 749, 763 (1962). A Bill of Particulars serves to inform Defendants of the nature of the charge with specific precision and to avoid the danger of surprise at trial. *United States v. Livingstone*, 576 F.3d 881,883 (8th Cir. 2009) (citing *United States v. Hernandez*, 299 F.3d 984, 989 (8th Cir. 2002)). "If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *Livingstone*, 576 F.3d at 883. A bill of particulars may be appropriate when a defendant requires clarification in order to prepare a defense. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).

a) **Defendants object to the Court's denial of a Bill of Particulars identifying the scheduled controlled substance of which an identified substance may be analogous.**

The Court's denial of a Bill of Particulars regarding the identity of a substance's analogue was rooted in the idea that said information is based upon an expert's opinion, and that the disclosure of expert opinions are not yet timely. However, Defendants contend that said information is a necessary element of the charge alleged in Count I, and as a matter of law should have been listed in the indictment. Without such information, the Indictment does not comport with Federal Rule of Criminal Procedure 7(c). Such an omission leaves Defendants with unnecessary ambiguity and speculation while preparing for trial. Defendants now seek to correct the Indictment's omission through a Bill of Particulars.

The Indictment alleges that defendants conspired to possess and distribute controlled substances *and* controlled substance analogues. Controlled substances are themselves

- 12 -

statutorily defined, but a controlled substance analogue is defined by 21 U.S.C. § 802(32)(A), which requires a substance's chemical structure to be "substantially similar to the chemical structure of a controlled substance in schedule I or II." The very definition of an analogue requires the identification of an analogous, scheduled, controlled substance. However, Count I of the indictment omits any reference to the analogous (or "substantially similar") substance.

In this respect, the Indictment fails under Rule 7(c) and as such a Bill of Particulars is necessary for the Defendants to adequately weigh the merits of the charge and prepare a defense. If it is the Government's contention that the Defendants conspired to distribute controlled substance analogues, then the publication of the analogous Schedule I or II controlled substance is necessary to adequately notify Defendants as to how their conduct allegedly violated the law. One may infer that because the Indictment was true billed by a grand jury said analogous substance was previously presented into evidence, and the disclosure of such would not burden the government.

The Indictment's omission of information critical to the charge precludes Defendants from not only preparing an adequate defense but further weighing the merits of the case confronting them. The issue regarding whether or not certain substances at issue are analogous to Schedule I or Schedule II controlled substances is crucial in evaluating the merits of the charge. Because an analysis must be made in light of the definition of § 802(32)(A) in order to evaluate whether alleged conduct has violated the law, the identification of the analogous substance is necessary for a sufficient indictment and for Defendants to prepare a defense.

Identification of the analogous substance is not merely a matter of expert disclosure, but a matter of giving the Defendants adequate notice as to how any alleged conduct may have

violated the law.  Without such affirmative statement in the Indictment or a subsequent Bill of Particulars, the Defendants are left confronting an ambiguity, thus hindering their ability to defend the instant case.

   b)  **Defendants object to the Court's denial of a Bill of Particulars identifying the range of dates as to which identified substances were possessed or distributed.**

  The Court ruled that Defendants were not entitled to a Bill of Particulars stating what substances would be used against which particular Defendant.  However, the Court failed to address whether or not the Defendants would be granted a Bill of Particulars identifying the range of dates that identified substances were allegedly possessed or distributed.  As stated above, the omission is viewed as a denial, and Defendants object herein to said denial.

  The instant indictment states "Beginning sometime in 2012, and continuing to on or about the date of this Indictment, with the exact dates unknown…" *See* Indictment, Count I, Section A.  The Indictment itself is open-ended and fails to provide sufficient notice as to when any alleged wrongdoing began.

  Such notice is critical in this case because the instant indictment exists within a universe of four indictments spread across a wider range of time.  Discovery includes nearly one million PDF pages, videos and audio files, and other information.  Finally, Count I alleges that Defendants conspired to possess and distribute controlled substances *and* controlled substance analogues.  The dual charge within Count I is important to note because the substances that comprise the subject matter of the indictment were given multiple legal classifications, such as analogue, scheduled by the Administrator of the Drug Enforcement Agency and scheduled by an act of Congress.

In essence, the Indictment, by virtue of alleging one count involving both controlled substances and controlled substance analogues, has left Defendants facing an ambiguity as to what type of substance they may be defending against. Defendants are left speculating as to how a substance may be classified at different points throughout the case.

Said ambiguities are further exacerbated by the fact that this case exists amongst three other indictments. When coupled with those other indictments and the vastness of discovery, Defendants are left speculating as to a potential beginning and end point. The combination of time, excess of information and shifting classifications requires a Bill of Particulars.

The aforementioned factors create ambiguities that expose Defendants to unnecessary surprise at trial. Furthermore, without the information requested, Defendants are unable to adequately assess the merits of the instant case. A bill of particulars would clarify the issues and provide Defendants the ability to adequately prepare for trial.

WHEREFORE, Defendants Mark Palmer, Samuel Leinicke, Charles Wolfe and Robert Wolfe respectfully request this Honorable Court to enter an order sustaining these objections to the Order and Recommendation on Motions to Dismiss and for Bill of Particulars and granting the relief sought, specifically A) enter an Order dismissing Count I of the Indictment; B) enter an Order dismissing Count I of the Indictment because the charging statute is unconstitutionally vague; C) Dismiss Count I of the indictment or, in the alternative, strike from the Indictment any substances that have been improperly charged as analogues to separately-scheduled cannabimimetic agents; and D) enter its Order directing Counsel for the Government to provide Defendants with a bill of particulars as requested herein.

Dated: August 18, 2016

Respectfully submitted,

| BOROWIAK LAW FIRM | LUCCO, BROWN, THRELKELD & DAWSON |
|---|---|
| By: /s/ Zachary J. Borowiak (with permission) | By: /s/ J. William Lucco (with permission) |
| Zachary J. Borowiak  #58855MO | J. William Lucco  #1701835IL |
| 225 South Meramec, Suite 1100 | Christopher P. Threlkeld   #6271483IL |
| St. Louis, Missouri 63105 | 224 St. Louis Street |
| Telephone: (314) 537-2351 | Edwardsville, Illinois 62025 |
| Fax: (314) 269-1042 | Telephone: (618) 656-2321 |
| Email: borowiaklaw@gmail.com | Fax: (618) 656-2363 |
| | Email: blucco@lbtdlaw.com |
| | cthrelkeld@lbtdlaw.com |
| *Attorney for Defendant Robert Wolfe* | *Attorneys for Defendant Charles Wolfe* |

| THE LAW OFFICES OF SHELBY M. COWLEY | THE LAW OFFICE OF JASON A. KORNER |
|---|---|
| By: /s/ Shelby M. Cowley (with permission) | By: /s/ Jason A. Korner (with permission) |
| Shelby M. Cowley  #62819MO | Jason A. Korner  #58495MO |
| 1717 Park Avenue | 7911 Forsyth Blvd. Suite 300 |
| St. Louis, MO 63104 | Clayton, Missouri 63105 |
| Telephone: (314) 721-1024 | Telephone: (314) 409-2659 |
| Fax: (314) 446-4700 | Fax: (314) 863-5335 |
| Email: cowley_shelby@yahoo.com | Email: jasonkorner@kornerlaw.com |
| *Attorney for Defendant Mark Palmer* | *Attorney for Defendant Samuel Leinicke* |

THE MUTRUX LAW FIRM
By: /s/ R. Tyson Mutrux
R. Tyson Mutrux  #63117MO
1717 Park Avenue
St. Louis, Missouri 63104
Telephone: (314) 270-2273
Fax: (314) 884-4333

Email: tyson@mtruxlaw.com
*Attorney for Defendant Mark Palmer*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of August, 2016, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, and service upon all participants in the case who are CM/ECF users will be accomplished by operation of that system.

        /s/ R. Tyson Mutrux